# EXHIBIT F

**Court of Appeal (Inferior Jurisdiction)**
**S.T.O Chief Justice Mark Chetcuti**
**Wednesday 30th March 2022**

Number 4
**Application Number 78/2020**

Dr Frank B. Testa B.A., LL.D.
Mamo TCV Advocates
Palazzo Pietro Stiges
103, Strait Street
Valletta VLT 1436, Malta

Certified true
translation
12.07.2022

**SinSin Europe Solar Asset Limited Partnership and
SinSin Solar Capital Limited Partnership**

vs

**SPI China (HK) Limited and SPI Energy Co. Ltd**

**The Court,**

Saw the application for a new trial made by the defendant companies following the judgment of the Court of Appeal (Inferior) dated 12th November 2021 which declared the appeal of the defendant companies as null and void;

Saw the reply of the plaintiff companies which claimed that there was no valid reason for the new trial and that the application for a new trial had to be dismissed;

Saw all the acts and heard the lawyers of the parties;

Saw the judgment of the Court of Appeal on which the complaints are based which states the following:

This Court will, first of all, consider the admissibility of the present appeal, and if the preliminary submissions of the appellants are found to be valid, they must render the appeal without effect. The Court begins by considering what has been agreed upon between the parties [Here the Court is taking into account that the appellant company SPI Energy Co. Ltd is the successor to Solar Power Inc. which appeared on the Share Sale & Purchase Agreement] and here reference is made to clause 16.2 of the Share Sale & Purchase Agreement which was exhibited by the appellant as Doc. A along with the Request.

It must be stated at the outset that clause 16.1 requires that the agreement be regulated and interpreted in accordance with Maltese law. The following clause 16.2 binds the parties to submit any dispute which may arise between them in relation to the same agreement, to arbitration proceedings here in Malta so that it may be decided by three arbitrators. The same clause also provides for the selection of such arbitrators.

In virtue of the same clause 16.2, the parties agreed that "[T]he award of the arbitrators shall be final and binding upon the Parties". From what this clause provides, it follows that the right of appeal has been expressly and unequivocally excluded by the parties, so much so that there is no doubt as to their intention. The Court therefore considers that it was the parties themselves who waived their right to appeal from any award of the arbitrators that might be given by the Tribunal in the event of any dispute arising between them. Therefore, the appellants' attempt would have instantly failed with certainty, so much so that it could in no way understand how the appellants could have considered that this Court had any power to hear and decide their appeal. The Court considers that according to Maltese law, which the parties wished should govern the agreement between them, in particular Article 992 of the Civil Code provides that a contract has the force of law between the parties and that only the same parties can revoke it. Therefore, as long as the agreement between the parties remains the same, this Court cannot accept an appeal from any party.

Decide
For the reasons given, the Court declares the appeal to be null and void, and refrains from taking further cognisance of it.
The costs of the said award of the arbitrators remain as decided by the Tribunal, while the costs of the present appeal shall be borne by the appellants.

**Considered**
The defendant companies who are requesting a new trial are claiming the following:

1. That a wrong application of the law in terms of Article 811(e) of Chapter 12 was carried out.

It must first be stated that Article 811(e) of Chapter 12 provides that:

Revocation of a judgment for this reason is granted only when the Court applies a wrong law instead of that which was actually applicable to the case. It is not granted when the issue is on "an interpretation of the law expressly dealt with in the judgment;" (**Competition of creditors of Carmelo Gauci Ltd**, App 19/05/2011)

The interpretation of the law cannot give rise to a new trial. In order for there to be a right for a new trial under this provision, the Court must have applied one provision of the law instead of another (see judgment of this court **Bank of Valletta plc vs Carmelo Farrugia Melfar Limited et,** App 09/05/2017).

The defendant companies who are requesting a new trial explain their complaint in this manner. They submit that clause 16.2 of the arbitration agreement dated 6th September 2014 stated that any issue that may arise related to the agreement reached should be subject to arbitration in Malta. Even though this is an international arbitration, in the same clause the parties chose that the arbitration be regulated on the basis of the provisions of Part IV of the Arbitration Act. This refers to the rules used for domestic arbitration. Article 69A(2)(b) should therefore apply where proceedings may be instituted against an arbitral decision granted under Part IV before the Court of Appeal on a point of law according to Article 70A. Article 70A(1) states that this right does not apply if the parties expressly excluded this right of appeal in their arbitration agreement or otherwise in writing. This right has not been excluded. The party requesting the new trial claims that the Court of Appeal applied Article 992 of Chapter 16 that provides that an agreement between the parties has the force of law and applied the wording used in clause 16.2 'final and binding' to the award of the arbitrators as an exclusion of the right of appeal and applied to the case, Article 992 of Chapter 16 instead of Article 69A(2)(b) and 70A(1) of the special law, i.e. the Arbitration Act, Chapter 387. Consequently, the Court made a mistake in relation to the law which led to an erroneous decision.

The plaintiff companies contend instead that there was no wrong application of the law since Article 69A(3) of the Arbitration Act provides that an appeal on a point of law against an arbitral decision given according to Part V (i.e. international arbitration) is available only if the parties have expressly agreed that this right has been made available in addition to the other procedural rights established in Article 34 of the Model law. When this express agreement takes place Articles 62(5), 70A and 70B apply. Thus, the plaintiff companies contend that since this right was not expressed in the arbitration agreement, the Court properly applied the law of arbitration in conformity with the general law regulating contracts. The words 'final and binding' have been given a fair meaning by the Court of Appeal.

Applying the principles mentioned by this Court regarding a new trial on a point of law, the demand for a new trail fails. The Court of Appeal did not apply one law instead of another.

The Court first referred to arbitral clause 16.2 which states that the award should be 'final and binding' between the parties. The parties' lawyers have submitted in full the scope of these words with reference to the Arbitration Act. Although the Court in its considerations did not expressly mention Article 69A(2) and 70A of Chapter 387, it is clear that the Court was referring to the wording used in Article 70A of Chapter 387 when it interpreted and not applied the words 'final and binding' to the wording of Article 70A, i.e. that the right of appeal exists on a point of law unless the parties have expressly excluded (emphasis added) this right. It is the view of the Court of Appeal in the judgment under appeal that the words 'final and binding' were an express exclusion of an appeal from an award of the arbitrators between the parties. This Court does not decide on an interpretation of a law in a new trial on an error of law because the power of this Court relates to the wrong application of a law instead of another. However, our system does not have the principles of precedent in jurisprudence, although it would be beneficial for the certainty of the right that there is consistency and uniformity in the decisions of the Courts. This Court's view on the matter raised is irrelevant for the purpose of the new trial with the considerations imposed by the same institute. The Court cannot, however, not say that it does not agree with the appellant's submission that the judgment under appeal properly applied Chapter 387 by Article 69A (3) of Chapter 387. This sub-section refers to the arbitral decision rendered in accordance with Part V (international arbitration) but the arbitration agreement expressly states that arbitration shall be governed by the relevant articles for domestic arbitration, and where applicable Article 69A(2). This does not change what was previously considered in this judgment.

Finally, it is stated that the defendant companies requesting a new trial also have no reason to consider that the Court of Appeal should not have applied Article 992 of Chapter 16 in the judgment under appeal. The Court of Appeal interpreted the words 'final and binding' in accordance with the Maltese law on contracts and their strength between the parties. On this point, no wrong application of the law was carried out but only an interpretation of the domestic contract law in relation to that which the arbitration agreement provided for and as applicable in the context of Chapter 397 and in a more generic manner, to general local law.

**Decide**

For these reasons, the Court is ruling and deciding by dismissing the request of the defendant companies to revoke the judgment of the Court of Appeal (Inferior) dated 12th November 2021, with the expenses to be borne by the defendant companies.

Mark Chetcuti
Chief Justice

Anne Xureb
Deputy Registrar



## QORTI TAL-APPELL
### (SEDE INFERJURI)

**S.T.O. PRIM IMHALLEF MARK CHETCUTI**

Illum l-Erbgha 30 ta' Marzu 2022

Numru 4

**Rikors Nru. 78/2020**

**SinSin Europe Solar Asset Limited Partnership u
SinSin Solar Capital Limited Partnership**

vs

**SPI China (HK) Limited u SPI Energy Co. Ltd**

**Il-Qorti,**

Rat ir-rikors ta' ritrattazzjoni maghmul mis-socjetajiet konvenuti wara s-sentenza tal-Qorti tal-Appell Inferjuri tat-12 ta' Novembru 2021 li iddikjarat l-appell tas- socjetajiet konvenuti bhala irritu u null;

Rat ir-risposta tal-socjetajiet attrici li sostnew li ma kienx hemm raguni valida ghar-ritrattazzjoni u r-rikors ta' ritrattazzjoni kellu jigi michud;

Rat l-atti kollha u semghet lid-difensuri tal-partijiet;

Rat is-sentenza tal-Qorti tal-Appell li fuqha huma impernjati l-ilmenti tar-ritrattand li tghid hekk:

*Vera Kopja
Rose Marie Vella
Deputat Registratur*

Din il-Qorti ser tghaddi qabel xejn sabiex tikkonsidra l-ammissibilità o meno tal-appell odjern, u jekk is-sottomissjonijiet preliminari tal-appellati jinstabu li huma validi, ghandhom igibu fix-xejn l-imsemmi appell. Il-Qorti tibda billi tikkonsidra dak li sahansitra gie patwit bejn il-partijiet [Hawn il-Qorti qeghda tiehu in konsiderazzjoni li s-soċjetà appellanta SPI Energy Co. Ltd hija s-successur ta' Solar Power Inc. li dehret fuq ix-Share Sale & Purchase Agreement], u hawn taghmel riferiment ghall-klawsola 16.2 tax-Share Sale & Purchase Agreement li gie esebit mill-appellanti bhala Dok. A flimkien mat-Talba.

Ghandu jinghad qabel xejn li l-klawsola 16.1 titlob li l-ftehim ghandu jigi regolat u nterpretat skont il-liġi Maltija. Il-klawsola sussegwenti 16.2 torbot lill-partijiet sabiex jippreżentaw kull vertenza li tista' tinqala' bejniethom fir-rigward tal-istess ftehim, ghall-proceduri ta' arbitragg hawn Malta sabiex din tigi deciża permezz ta' tliet arbitri, u dan filwaqt li l-istess klawsola tipprovdi wkoll kif ghandhom jigu maghżula l-imsemmija arbitri.

Permezz tal-istess klawsola 16.2, il-partijiet ftehmu li "[T]he award of the arbitrators shall be final and binding upon the Parties". Jirriżulta minn dak li tipprovdi ghalih din il-klawsola, li d-dritt tal-appell gie espressament eskluż mill-partijiet b'mod car u inekwivoku, tant li m'hemm l-ebda dubju dwar dik li kienet l-intenzjoni taghhom. Ghalhekk il-Qorti tikkonsidra li kienu l-partijiet stess li rrinunzjaw ghad-dritt taghhom ta' appell minn kull lodo arbitrali li seta' jinghata mit-Tribunal f'każ fejn jinqala' xi diżgwid bejniethom, u ghalhekk it-tentattiv tal-appellanti mill-ewwel kien ser ifalli bic-cert, tant li ma tista' bl-ebda mod tifhem kif l-appellanti setghu jikkonsidraw li din il-Qorti kellha xi setgha li tisma' u tiddecidi l-appell taghhom. Tqis li skont il-liġi Maltija, li l-partijiet xtaqu li ghandha tirregola l-ftehim ta' bejniethom, u senjatament l-artikolu 992 tal-Kodici Civili jipprovdi li kuntratt ghandu s-sahha ta' liġi bejn il-partijiet u li huma biss l-istess partijiet li jistghu ihassruh. Ghaldaqstant la darba l-ftehim ta' bejn il-partijiet jibqa' dak li hu, din il-Qorti ma tistax tilqa' quddiemha appell minn xi parti.

Decide
Ghar-ragunijiet premessi l-Qorti tiddikjara l-appell bhala irritu u null, u tastjeni milli tiehu konjizzjoni ulterjuri tieghu.
L-ispejjeż ta' l-imsemmi lodo arbitrali jibqghu kif deciżi mit-Tribunal, filwaqt li dawk tal-appell odjern ghandhom jithallsu mill-appellanti.


**Ikkunsidrat**
L-aggravju tar-ritrattandi huma s-segwenti:

1. Li saret applikazzjoni hazina tal-ligi ai termini tal-artikolu 811(e) tal-Kap. 12.


Jibda biex jinghad li l-artikolu 811(e) tal-Kap. 12 jistabilixxi illi:

> Thassir ta' sentenza ghal din ir-raguni jinghata biss meta l-qorti tapplika ligi hazina flok dik illi kienet tassew applikabbli ghall-kaz. Ma jinghatax meta l-kwistjoni tkun 'dwar interpretazzjoni ta' ligi, li fuqha l-qorti tkun espressament tat decizjoni' (**Konkors ta' kredituri ta' Carmelo Gauci Ltd**, App 19/05/2011)

> L-interpretazzjoni tal-ligi ma tistax taghti lok ghal ritrattazzjoni. Sabiex ikun hemm jedd ghal ritrattazzjoni taht din id-disposizzjoni, il-qorti trid tkun applikat disposizzjoni ta' ligi flok ohra (ara sentenza ta' din il-qorti

2

**Bank of Valletta plc vs Carmelo Farrugia Melfar Limited et,** App 09/05/2017).

Ir-ritrattandi jispjegaw l-ilment taghhom hekk. Jissottomettu illi l-klawsola 16.2 tal-ftehim ta' arbitragg tas-6 ta' Settembru 2014 kienet tghid li kull kwistjoni li tista' tqum relatata mal-ftehim milhuq kellu jkun soggett ghal arbitragg f'Malta. Ghalkemm dan hu arbitragg internazzjonali fl-istess klawsola l-partijiet ghazlu li l-arbitragg ikun regolat a bazi tad-dispozizzjonijiet tat-Taqsima IV tal-Att dwar l-Arbitragg. Dan jirreferi ghar-regoli adoperati ghal arbitragg domestiku. Ghalhekk kellhom japplikaw l-artikolu 69A(2)(b) fejn jistghu jinbdew proceduri kontra decizjoni arbitrali moghtija taht it-Taqsima IV quddiem il-Qorti tal-Appell fuq punt ta' ligi skont l-artikolu 70A. L-artikolu 70A(1) jiddisponi illi dan id-dritt ma japplikax jekk il-partijiet eskludew espressament dan id-dritt tal-appell fil-ftehim tal-arbitragg jew mod iehor bil-miktub. Dan id-dritt ma giex eskluz. Ir-ritrattand isostnu illi l-Qorti tal-Appell applikat l-artikolu 992 tal-Kap. 16 li tipprovdi li ftehim bejn il-partijiet ghandu s-sahha ta' ligi u applikat il-kliem uzat fil-klawsola 16.2 'final and binding' ghal lodo tal-arbitragg bhala eskluzjoni tad-dritt ta' appell u applikat ghal kaz l-artikolu 992 tal-Kap. 16 flok l-artikolu 69A(2)(b) u 70A(1) tal-ligi specjali cioe l-Att dwar l-Arbitragg Kap. 387. B'konsegwenza ta' dan il-Qorti ghamlet zball ta' ligi li wassal ghal decizjoni erronja.

Ir-ritrattati jsostnu invece illi ma kien hemm ebda applikazzjoni hazina tal-ligi billi l-artikolu 69A(3) tal-Att dwar l-Arbitragg jipprovdi li appell fuq punt ta' ligi kontra decizjoni arbitrali moghtija skont it-Taqsima V (cioe arbitragg internazzjonali) hu disponibbli biss jekk il-partijiet ftehmu espressament li dan id-dritt kien disponibbli b'zieda mad-drittijiet procedurali ohra stabbiliti fl-artikolu 34 tal-ligi Mudell. Meta jkun sar dan il-ftehim espress ighoddu l-artikoli 62(5), 70A u 70B. Ghalhekk ir-ritrattati jsostnu li la darba dan id-dritt ma giex espress fil-ftehim ta' arbitragg il-Qorti applikat sew il-ligi tal-arbitragg b'konformita mal-ligi generali li tirregola l-kuntratti. Il-kliem 'final and binding' gew moghtija t-tifsira gusta mill-Qorti tal-Appell.

Applikati l-principji imsemmija minn din il-Qorti rigward ritrattazzjoni fuq punt ta' ligi, ir-ritrattazzjoni maghmula tfalli. Il-Qorti tal-Appell ma applikatx ligi flok ohra.

3

Fl-ewwel lok il-Qorti ghamlet riferenza ghal klawsola arbitrali 16.2 li issemmi li l-lodo kellu jkun 'final and binding' bejn il-partijiet. Id-difensuri tal-partijiet issottomettew *in extenso* l-portata ta' dawn il-kliem b'riferenza ghall-Att dwar l-Arbitragg. Ghalkemm il-Qorti fil-konsiderazzjonijiet taghha ma semmietx espressament l-artikolu 69A(2) u 70A tal-Kap. 387 pero hu car li l-Qorti kienet qed tirreferi ghad-dicitura uzata fl-artikolu 70A tal-Kap. 387 meta interpretat u mhux applikat il-kliem 'final and binding' ma' dak li jistipula l-artikolu 70A cioe li d-dritt ta' appell jissusisti fuq punt ta' ligi sakemm il-partijiet <u>ma eskludewx espressament</u> (sottolinear tal-Qorti) dan id-dritt. Hi l-fehma tal-Qorti tal-Appell fis-sentenza li qed tigi ritrattata li l-kliem 'final and binding' kien eskluzzjoni espressa ta' appell minn lodo aribtrali bejn il-partijiet. Din il-Qorti ma tissindikax interpretazzjoni ta' ligi f'ritrattazzjoni fuq zball ta' ligi ghax is-setgha ta' din il-Qorti hi fuq applikazzjoni hazina ta' ligi flok ohra. Di piu s-sistema taghna ma ghandhiex il-principji tal-precedent fil-gurisprudenza ghalkemm ikun ta' fejda ghac-certezza tad-dritt li jkun hemm konsistenza u uniformita fid-decizjonijiet tal-Qrati. Il-fehma ta' din il-Qorti fuq il-kwistjoni imqajma hi irrelevanti ghal fini tar-ritrattazzjoni bil-konsiderazzjonijiet li l-istess istitut jimponi.

Il-Qorti ma tistax pero ma tghidx li ma taqbilx mas-sottomissjoni tal-appellat li s-sentenza ritrattata applikat tajjeb il-Kap. 387 permezz tal-artikolu 69A(3) tal-Kap. 387. Dan is-subinciz jirreferi ghad-decizjoni arbitrali moghti skont it-Taqsima V (arbitragg internazzjonali) pero l-ftehim tal-arbitragg jghid espressament li l-arbitragg ghandu jkun regolat skont l-artikoli rilevanti ghal arbitragg domestiku, u kwindi japplika l-artikolu 69A(2). Dan maghdud ma jbiddel xejn minn dak konsidrat qabel f'din is-sentenza.

Fl-ahhar jinghad illi r-ritrattandi wkoll ma ghandhomx ragun li jqisu li l-Qorti tal-Appell fis-sentenza ritrattata me kellhiex tapplika l-artikolu 992 tal-Kap. 16. Il-Qorti tal-Appell interpretat il-kliem 'final and binding' b'mod konformi mal-ligi Maltija dwar il-kuntratti u s-sahha taghhom bejn il-partijiet. Hawn ukoll ma saret ebda applikazzjoni hazina tal-ligi izda biss interpretazzjoni tal-ligi domestika tal-kuntratti ghal dak li kien jipprovdi l-ftehim ta' arbitragg u kif applikabbli fl-isfond tal-Kap.387 u b'mod aktar generiku mal-ligi generali lokali.

**Decide**

Ghal ghal dawn ir-ragunijiet l-Qorti qed taqta' u tiddeciedi billi tichad it-talba tar-rittrattandi biex tithassar is-sentenza tal-Qorti tal-Appell Inferjuri tat-12 ta' Novembru 2021, bl-ispejjez ghar-ritrattandi.

Mark Chetcuti
Prim Imhallef

Anne Xuereb
Deputat Registratur

Vera Kopja
Rose Marie Vella
Deputat Registratur

5