Yan Ge, Cal. Bar No. 236566
KING & WOOD MALLESONS LLP
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: (650) 858-1285
Facsimile: (650) 858-1226
geyan@cn.kwm.com

M.M. Utterback (*pro hac vice*)
KING & WOOD MALLESONS LLP
500 5th Ave, 50th Floor
New York, NY 10110
Telephone: (212) 319-4755
Facsimile: (917) 591-8167
meg.utterback@us.kwm.com

*Attorneys for Petitioners*
*SinSin Europe Solar Asset Limited Partnership and SinSin Solar Capital Limited Partnership*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINSIN EUROPE SOLAR ASSET LIMITED PARTNERSHIP and<br>SINSIN SOLAR CAPITAL LIMITED PARTNERSHIP,<br><br>Petitioners,<br><br>v.<br><br>SPI ENERGY CO. LTD,<br><br>Respondent. | Case No. 2:22-cv-01991-MCE-JDP<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION SEEKING LEAVE TO FILE AMENDED PETITION AND MOTION FOR**<br><br>**(1) CONIFRMATION OF FOREIGN ARBITRAL AWARDS;**<br><br>**(2) ENTRY OF JUDGMENT;**<br><br>**(3) INJUNCTIVE RELIEF; AND**<br><br>**(4) ATTORNEYS' FEES INCURRED IN CONFIRMING THE AWARDS** |

**FACTUAL BACKGROUND**

On November 3, 2022, petitioners SinSin Europe Solar Asset Limited Partnership and SinSin Solar Capital Limited Partnership ("**Petitioners**") filed the Petition to Confirm Arbitral Awards (ECF 1; the "**Petition**") to confirm two arbitral awards (the "**Awards**"), totaling over $60,000,000 (with interest) against respondent SPI Energy Co. Ltd. ("**Respondent**"). The Awards were the result of two thoroughly litigated arbitrations which were subsequently upheld twice in the Malta Courts. *See* ECF 1 at ¶¶ 22-31.

On January 2, 2023, Respondent filed its Response to Petition to Confirm Arbitral Awards (ECF 13; the "**Response**"). In the Response, Respondent requested that Petitioners submit "admissible evidence confirming their identity, citizenship, and link to the SPA Awards . . . with time for Respondent to review and respond." *See* Response at Prayer for Relief.

On March 16, 2023, counsel for Petitioners met and conferred with counsel for Respondent to discuss whether any discovery is warranted in the instant action, as well as to discuss Petitioners' anticipated motion to confirm (the "**Motion**"). *See* **Exhibit A**.[1] Petitioners' and Respondent's counsel subsequently agreed to an extended briefing schedule for the Motion to Confirm and were informed by the Court on March 23, 2023 that counsel should file a stipulation and proposed order for Your Honor's consideration. *See* **Exhibit B** at 8. Respondent expeditiously began drafting its Motion. Respondent's counsel then drafted a proposed stipulation for Petitioners' review on March 23, with the expectation that Respondent would file its Motion on March 31. *See id*. at 7-8.

In preparation of the Motion, additional matters came to light that warranted amendment of the Petition (the "**Amended Petition**"). Petitioners have elected to file an Amended Petition to (i) cure any supposed deficiencies related to Petitioners' declaration, (ii) provide the court with more detail regarding the exact amounts awarded in the Awards, (iii) request that the judgment be entered concurrently with confirmation of the Awards, (iv) seek attorneys' fees incurred in bringing the Petition, and (v) seek injunctive relief.

Petitioners felt compelled to seek injunctive relief because Petitioners received information

---

[1] All citations to "Exhibits" are to exhibits attached to the declaration of Mary Margaret Utterback attached herewith.

regarding Respondent's impecuniousness after the Petition was filed. These facts included a sham equity transfer and issues relating to the solvency of the CEO and Chairman of the Board. The details in support of the requested injunctive relief are set forth in the Amended Petition.

Petitioner's counsel on March 29, 2023, informed Respondent's counsel that it would be filing the Amended Petition and Motion and requested that Respondent stipulate to the filing. *See* Ex. B at 6.

On April 5, 2023, at 9:37 p.m. (EST), after review of the draft Amended Petition and Motion, Respondent's counsel informed Petitioners' counsel that SPI would not stipulate to the amendment. *Id*. at 1. Respondent objected to the factual predicate for the injunctive relief requested in the Amended Petition.

## ARGUMENT

### I. The Court Should Grant Leave to File the Amended Petition and Motion

"The Ninth Circuit has stressed that Rule 15 favors amendments, and that this policy is to be applied with extreme liberality." *Gilbert v. Castrejon*, No. 122CV00319ADASKO, 2023 WL 2189403, at *2 (E.D. Cal. Feb. 23, 2023) (citing cases). Indeed, "[l]eave to amend should be 'freely given' where there is no 'undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment ....'" *Kent v. Cnty. of Yolo*, 411 F. Supp. 3d 1118, 1122 (MCE) (E.D. Cal. 2019) (granting leave to amend) (citations omitted); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). While the above factors are considered, "the consideration of prejudice to the opposing party...carries the greatest weight." *Kent*, 411 F. Supp. 3d at 1122 (citations omitted).

There is no prejudice to opposing counsel here. There have been no motions filed and no discovery has been taken. Further, Respondent has stated that it objects to the proposed Amended Petition and Motion because it deems that the basis provided to request injunctive relief is "not well-grounded in either the law or evidence". *See* Exhibit B at 1. Disagreements with an amended

pleadings' facts and arguments are not a valid basis to refuse to stipulate to the Amended Petition, but rather should be addressed by answer or motion. Notably, Respondent did not assert that Respondent would be prejudiced by the filing of the Amended Petition. *See Moorhead v. Emp. Screening Servs., Inc.*, No. 17-CV-1830-GPC-KSC, 2018 WL 3533267, at *2 (S.D. Cal. July 23, 2018) (granting leave to file second amended complaint as "Defendant will not be significantly prejudiced by the amendments. No motions for summary judgment or indeed any motions at all have been filed by Defendant and trial has not been set. Defendant has not yet taken Plaintiff's deposition. Plaintiff has also not demonstrated bad faith and the Second Amended Complaint's additional facts and cause of action do not appear to be clearly futile.").

Moreover, there has been no prejudice to the Respondent. With the exception of the request for an injunction, all other matters in the Amended Petition are merely an expansion of the request for relief based on the arbitral awards already submitted with the original Petition.

Respondent has stated that its sole objection to the Amended Petition is the facts asserted in support of the request for injunction. However, again, the filing of the request for equitable relief is not prejudicial to the Respondent as the case has not progressed beyond the filing of the Answer. As to the injunction, Petitioners only recently discovered the extent of Respondent's impecuniousness, and were not aware of the facts that now support the request for injunction. *Davis v. Hutcheson*, No. 220CV0077TLNDMCP, 2022 WL 3448862, at *1 (E.D. Cal. Aug. 17, 2022) (granting leave to amend in part because "there does not appear to be an unreasonable delay given defense counsel's declaration indicating that he only recently discovered documents which would support the defense" raised in the amended pleading).

The Amended Petition and Motion are filed in good faith. The additional details provided in the Amended Petition relating to the fees and costs owed were details already evident in the arbitration awards and alluded to in the original Petition. As stated above, the issues underpinning

4

MEMORANDUM OF LAW IN SUPPORT OF MOTION SEEKING LEAVE TO FILE
AMENDED PETITION AND MOTION TO CONFIRM ARBITRAL AWARDS   Case No. 2:22-CV-01991-MCE-JDP

the injunction request only recently came to the attention of Petitioners' counsel. Any and all new arguments raised in the Amended Petition and Motion are based on the facts at Petitioners disposal and are made in good faith. Furthermore, documents filed with the Amended Petition and Motion — such as the new declaration and exhibits — specifically address arguments raised in Respondent's Response. *See* e.g., Respondent's Response at ¶ 44 ("Petitioners have not offered admissible evidence authenticating their connection to the two arbitral awards they seek to enforce."). Accordingly, denying leave to amend would only create unnecessary litigation regarding what "admissible evidence" Petitioners have offered in seeking to confirm the Awards.

## CONCLUSION

Petitioners respectfully request that Your Honor grant Petitioners' leave to file the Amended Petition and Motion.[2]

Dated: April 11, 2023

Respectfully submitted,

KING & WOOD MALLESONS LLP

By: /s/ Yan Ge
Yan Ge
M.M. Utterback

*Attorneys for Petitioners SinSin Europe Solar Asset Limited Partnership and SinSin Solar Capital Limited Partnership*

---

[2] In compliance with local rule 137(c), the Proposed Amended Petition and Motion, as well as the Proposed Amended Petition and Motion's supporting declaration, are filed herewith as **Exhibit C** and **Exhibit D**.