

500 Fifth Avenue
50th Floor
New York, New York 10110

**T** +1 212 319 4755

**www.kwm.com**

May 25, 2023

<u>Via ECF</u>

The Honorable Judge Morrison C. England, Jr.
Robert T. Matsui United States Courthouse
501 I Street
Courtroom 7, 14th Fl.
Sacramento, CA 95814

> **Re:**   *Sinsin Europe Solar Asset Ltd. Partnership et al v. SPI Energy Co. Ltd.*,
> No. 2:22-cv-01991-MCE-JDP

Dear Judge England:

We represent Petitioners Sinsin Europe Solar Asset Ltd. Partnership and SinSin Solar Capital Limited Partnership ("**Petitioners**") in the above-referenced matter. On May 22, 2023, in support of Petitioners' Motion to Confirm (ECF 19), we filed Petitioners' Reply memoranda (the "**Reply**;" ECF 22) with the Reply's supporting declarations (ECF 22-1, 22-2). The Declaration of Xinyu Li (ECF 22-2) cites as Exhibit 1 an interim judgment issued by the Athens Single-Member Court, Decision Number 4212/2018. *See* ECF 22-2 at ¶ 20. Exhibit 1 was inadvertently not filed with Mr. Li's declaration. Exhibit 1 is attached hereto and we apologize for any inconvenience this has caused.

Thank you for your time.

Sincerely,

By: */s/ Yan Ge*
      Yan Ge

cc: Counsel of Record

# EXHIBIT 1

ΠΡΩΤΟΔΙΚΕΙΟ ΑΘΗΝΩΝ
ΔΙΑΔΙΚΑΣΙΑ ΑΣΦΑΛΙΣΤΙΚΩΝ ΜΕΤΡΩΝ



Αριθμός Αποφάσεως

422/2018

ΤΟ ΜΟΝΟΜΕΛΕΣ ΠΡΩΤΟΔΙΚΕΙΟ ΑΘΗΝΩΝ

Αποτελούμενο από τη Δικαστή Αλεξία – Ελένη Ντόρλη, Πρόεδρο Πρωτοδικών, η οποία ορίστηκε από τον Πρόεδρο του Τριμελούς Συμβουλίου Διοίκησης του Πρωτοδικείου.

Συνεδρίασε δημόσια στο ακροατήριό του στις 20-3-2018, χωρίς τη σύμπραξη γραμματέα για να δικάσει την υπόθεση μεταξύ :

Των αιτουσών: 1) Εταιρείας με την επωνυμία «SINSIN EUROPE SOLAR ASSET LIMITED PARTNERSHIP» που εδρεύει στις Νήσους Κέιμαν (Cayman Islands) Suite 716 10 Market Street, Grant Cayman KY1-9006 φέρει αριθμό καταχώρησης 70887 στερείται ΑΦΜ στην Ελλάδα και εκπροσωπείται νόμιμα και 2) Εταιρείας με την επωνυμία «SINSIN SOLAR CAPITAL LIMITED PARTNERSHIP» που εδρεύει στις Νήσους Κέιμαν (Cayman Islands), Suite 716 10 Market Street, Grand Cayman KY1-9006, στερείται ΑΦΜ στην Ελλάδα, φέρει αριθμό καταχώρισης 70738 και εκπροσωπείται νόμιμα, οι οποίες εκπροσωπήθηκαν από τους

1

πληρεξούσιους δικηγόρους τους Χαράλαμπο Καραμπέλη, Απόστολο Κούρτη και Έλλη Δημητροπούλου, που κατέθεσαν σημείωμα.

Των καθ' ων η αίτηση: 1) Ανώνυμης Εταιρείας με την επωνυμία «ΤΖΑΣΠΕΡ PV ΜΑΚΕΔΟΝΙΑ ΕΝΕΡΓΕΙΑΚΗ ΑΝΩΝΥΜΗ ΕΤΑΙΡΕΙΑ» που εδρεύει στην Αθήνα οδός Μητροπόλεως αρ. 62, ΑΦΜ 800402906 και εκπροσωπείται νόμιμα, 2) Ανώνυμης Εταιρείας με την επωνυμία «ΟΡΙΩΝ ΕΝΕΡΓΕΙΑΚΗ ΑΝΩΝΥΜΗ ΕΤΑΙΡΕΙΑ ΦΩΤΟΒΟΛΤΑΙΚΩΝ ΕΡΓΩΝ» που εδρεύει στον Ν. Κόσμο Αττικής, οδός Αμβροσίου Φραντζή αρ. 7, ΑΦΜ 998535064 και εκπροσωπείται νόμιμα, 3) Ανώνυμης Εταιρείας με την επωνυμία «ΑΣΤΡΑΙΟΣ ΕΝΕΡΓΕΙΑΚΗ ΑΝΩΝΥΜΗ ΕΤΑΙΡΕΙΑ ΦΩΤΟΒΟΛΤΑΙΚΩΝ ΕΡΓΩΝ», που εδρεύει στην Αθήνα, οδός Μητροπόλεως αρ. 62, ΑΦΜ 998535039 και εκπροσωπείται νόμιμα και 4) Ανώνυμης Εταιρείας με την επωνυμία «ΦΩΤΟΒΟΛΑΤΑΙΚΑ ΠΑΡΚΑ ΒΕΡΟΙΑ Ι ΑΝΩΝΥΜΗ ΕΤΑΙΡΕΙΑ», που εδρεύει στον Ν. Κόσμο Αττικής, οδός Αμβροσίου Φραντζή αρ. 7, ΑΦΜ 800387357 και εκπροσωπείται νόμιμα, οι οποίες δεν εκπροσωπήθηκαν από πληρεξούσιο δικηγόρο.

Των προσθέτως παρεμβαινουσών υπέρ των καθ' ων η αίτηση: 1) Εταιρείας με την επωνυμία «SPI China (HK) Limited», που εδρεύει στο Χογκ Κονγκ (διεύθυνση RM 1702, 17/F Tung Hip Commercial Building 248 Des Voeux Rd Central), στερείται ΑΦΜ στην Ελλάδα και εκπροσωπείται νόμιμα και 2) Εταιρείας με την επωνυμία «SPI Energy Co., Ltd», που εδρεύει στις νήσους Κέιμαν (διεύθυνση Maples Corporate Limited, PO Box 309, Ugland House, Grand Cayman, KY1-1104), η κύρια εκτελεστική έδρα της βρίσκεται στο 7F/A Block, 1st Building, Jinqi Plaza No. 2145 Jinshajiang Road, Putuo District, Σανγκάη, Λαική Δημοκρατία της Κίνας (ως διάδοχος της εταιρείας Solar Power Inc) στερείται ΑΦΜ στην Ελλάδα και εκπροσωπείται νόμιμα, οι οποίες εκπροσωπήθηκαν από τους πληρεξούσιους δικηγόρους τους Ευάγγελο Πολίτη και Νικόλαο Αναστόπουλο, που κατέθεσαν σημείωμα.

Οι αιτούσες ζητούν να γίνει δεκτή η από 26-1-2018 αίτησή τους, που κατατέθηκε στη Γραμματεία του Δικαστηρίου τούτου με γενικό αριθμό κατάθεσης 8117/2018 και ειδικό αριθμό κατάθεσης 876/2018, προσδιορίστηκε προς συζήτηση με την από 8-2-2018 πράξη του αρμόδιου δικαστή για τη δικάσιμο που αναφέρεται ανωτέρω και εκφωνήθηκε από τη σειρά του εκθέματος.

Οι προσθέτως παρεμβαίνουσες ζητούν να γίνει δεκτή η παραδεκτώς ασκηθείσα με προφορική δήλωση των πληρεξουσίων τους δικηγόρων πρόσθετη παρέμβαση υπέρ των καθ' ων η αίτηση και κατά των αιτουσών.

Κατά τη συζήτηση των ανωτέρω υποθέσεων που συνεκφωνήθηκαν και συνεκδικάστηκαν λόγω της μεταξύ τους συνάφειας οι πληρεξούσιοι δικηγόροι των

2ο φύλλο της υπ'. αρ. 4212 /2018 απόφασης του Μονομελούς Πρωτοδικείου Αθηνών

διαδίκων και προσθέτως παρεμβαινουσών ανέπτυξαν τους ισχυρισμούς τους και ζήτησαν να γίνουν δεκτά όσα αναφέρονται στα σημειώματά τους.

ΑΦΟΥ ΜΕΛΕΤΗΣΕ ΤΗ ΔΙΚΟΓΡΑΦΙΑ

ΣΚΕΦΘΗΚΕ ΚΑΤΑ ΤΟ ΝΟΜΟ

Εισάγονται προς συζήτηση: Α) η από 26-1-2018 (ΓΑΚ 8117/2018  ΕΑΚ 876/2018) αίτηση και Β) η προφορικώς ασκηθείσα πρόσθετη παρέμβαση των εταιρειών «SPI China (HK) Limited» και «SPI Energy Co., Ltd», (ως διαδόχου της εταιρείας Solar Power Inc) υπέρ των καθ' ων η αίτηση και κατά των αιτουσών. Η αίτηση και η πρόσθετη παρέμβαση, που είναι συναφείς πρέπει να συνεκδικαστούν κατ' άρθρο 246 ΚΠολΔ, διότι υπάγονται στο ίδιο είδος διαδικασίας και επιταχύνεται η διεξαγωγή της δίκης με ταυτόχρονη μείωση των εξόδων.

Από τις υπ'. αρ. 8172β΄/30-1-2018, 8171β΄/30-1-2018, 8170β/30-1-2018 και 8169β΄/30-1-2018 εκθέσεις επίδοσης του δικαστικού επιμελητή του Εφετείου Αθηνών με έδρα το Πρωτοδικείο Αθηνών Γεωργίου Φιλιππουπολίτη, που επικαλούνται και προσκομίζουν οι αιτούσες, προκύπτει ότι επικυρωμένο ακριβές αντίγραφο της υπό κρίση αίτησης με πράξη ορισμού δικασίμου και κλήση προς συζήτηση, για τη δικάσιμο που αναφέρεται στην αρχή της απόφασης, επιδόθηκε νόμιμα και εμπρόθεσμα στις καθ' ων η αίτηση (άρθρα 122 παρ. 1, 123, 124, 129 παρ.1, 591 παρ. 1 εδ. α΄ και 682 επ. ΚΠολΔ).   Επομένως, εφόσον οι τελευταίες δεν εμφανίσθηκαν στη δικάσιμο αυτή, κατά την οποία εκφωνήθηκε η υπόθεση από το οικείο έκθεμα, πρέπει να δικασθούν ερήμην. Ωστόσο η διαδικασία πρέπει να προχωρήσει σαν να ήταν παρόντες όλοι οι διάδικοι, όπως συνάγεται από τις διατάξεις των άρθρων 696 παρ. 1 και 699 του ΚΠολΔ, δεδομένου ότι η ερημοδικία του διαδίκου στη διαδικασία των ασφαλιστικών μέτρων δεν επιφέρει δυσμενείς γι' αυτόν δικονομικές συνέπειες, διότι αυτές συνδέονται αποκλειστικά με το συζητητικό σύστημα που, όμως, δεν ισχύει στη διαδικασία των ασφαλιστικών μέτρων (ΜΠΛαμ 60/2015, ΜΠΘεσ 9751/2013 ΤΝΠ Νόμος, βλ. Κράνη σε Κεραμέα/Κονδύλη/Νίκα, Ερμηνεία Κώδικα Πολιτικής Δικονομίας, εκδ. 2000, Τόμος ΙΙ, άρθρο 690, αρ. 2, Ι. Κατρά, Σύστημα Ασφαλιστικών Μέτρων, εκδ. 2009, 24, Δ1, σ. 136, Π. Τζίφρα, Ασφαλιστικά Μέτρα, εκδ. 1985, Ι1β΄, σ. 50, Β. Βαθρακοκοίλη, Ασφαλιστικά Μέτρα, εκδ. 2012, άρθρο 690, αρ. 39, σ. 266).

Το άρθρο 35 α Κ.Ν. 2190/1920, όπως αντικαταστάθηκε με το άρθρο 42 Ν. 3604/2007 ορίζει: 1. Με την επιφύλαξη των άρθρων 35β και 35γ, απόφαση της γενικής συνέλευσης που λήφθηκε με τρόπο που δεν είναι σύμφωνος με το νόμο ή το καταστατικό, ακυρώνεται από το δικαστήριο. Το ίδιο ισχύει και για αποφάσεις τις

3

οποίες έλαβε γενική συνέλευση που δεν είχε νόμιμα συγκληθεί ή συγκροτηθεί. 2. Ακυρώσιμη είναι και η απόφαση που λήφθηκε: α) χωρίς να παρασχεθούν οφειλόμενες πληροφορίες, που ζητήθηκαν κατά το άρθρο 39 από μετόχους, οι οποίοι ζητούν την ακύρωση σύμφωνα με την επόμενη παράγραφο, ή β) κατά κατάχρηση της εξουσίας της πλειοψηφίας, υπό τους όρους του άρθρου 281 του Αστικού Κώδικα. 3. Η ακύρωση μπορεί να ζητηθεί με αγωγή από οποιονδήποτε μέτοχο, κάτοχο μετοχών που εκπροσωπούν τα δύο εκατοστά (2/100) του κεφαλαίου, αν δεν παρέστη στη συνέλευση ή αντιτάχθηκε στην απόφαση. Την ακύρωση μπορεί να ζητήσει και κάθε μέλος του διοικητικού συμβουλίου. ... 6. Η αγωγή ακύρωσης της απόφασης της γενικής συνέλευσης εκδικάζεται από το πολυμελές πρωτοδικείο της έδρας της εταιρείας. 7. Η ανωτέρω αγωγή στρέφεται κατά της εταιρείας και ασκείται εντός προθεσμίας τριών (3) μηνών από την υποβολή του σχετικού πρακτικού στην αρμόδια αρχή ή, εάν η απόφαση υποβάλλεται σε δημοσιότητα, από την καταχώριση της στο Μητρώο. ... 9. Η ακύρωση της απόφασης ισχύει έναντι πάντων. Το διοικητικό συμβούλιο υποχρεούται να λάβει τα μέτρα που επιβάλλει η κατάσταση η οποία προέκυψε από την ακύρωση. Σε κάθε περίπτωση δεν θίγονται τα δικαιώματα τρίτων που αποκτήθηκαν με απόφαση που ακυρώθηκε ή με πράξη που διενεργήθηκε με βάση την απόφαση αυτή, εκτός αν ο τρίτος γνώριζε ή αγνοούσε από βαριά αμέλεια το ελάττωμα της απόφασης. 10. Το δικαστήριο μπορεί να διατάξει ασφαλιστικά μέτρα και πριν από την άσκηση της αγωγής. Στην περίπτωση αυτή, η αγωγή πρέπει να ασκηθεί εντός δεκαπέντε (15) ημερών από την έκδοση της απόφασης που διέταξε τα ασφαλιστικά μέτρα και, σε κάθε περίπτωση, εντός της προθεσμίας της παραγράφου 7, διαφορετικά τα ασφαλιστικά μέτρα αίρονται αυτοδικαίως. Το δικαστήριο μπορεί να διατάξει και την προσωρινή αναστολή της ισχύος της απόφασης. Το δικαστήριο μπορεί να υποχρεώσει τους αιτούντες σε παροχή εγγύησης, σταθμίζοντας την ανάγκη προστασίας των αιτούντων την αναστολή και τη ζημία της εταιρείας που μπορεί να προκληθεί από την αναστολή αυτή. 11. Η δικαστική απόφαση που ακυρώνει απόφαση της γενικής συνέλευσης υποβάλλεται στη δημοσιότητα του άρθρου 7β. Περαιτέρω από τις διατάξεις των άρθρων 28, 30 και 35α του ν. 2190/1920 «Περί ανωνύμων εταιρειών», προκύπτει ότι η γενική συνέλευση ανώνυμης εταιρείας συγκροτείται μόνο από πρόσωπα τα οποία έχουν την ιδιότητα του μετόχου κατά το χρόνο της σύγκλησής της. Συνεπώς, στη γ.σ. έχουν δικαίωμα συμμετοχής όλοι ανεξαιρέτως οι μέτοχοι της ανώνυμης εταιρίας και μόνο αυτοί. Καταρχήν λοιπόν δικαίωμα συμμετοχής στη ΓΣ έχουν οι κύριοι και επικαρπωτές μετοχών. Επίσης, σε περίπτωση ενεχύρασης των μετοχών, δικαίωμα συμμετοχής έχει ο ενεχυράσας μέτοχος, εκτός αν υπάρχει αντίθετη συμφωνία με τον ενεχυρούχο δανειστή (ΑΠ 1426/2013, δημοσιευμένη στην ΤρΝομΠληρ Νόμος), καταρτιζόμενη σύμφωνα

4



με τη διάταξη της παρ. 1 του άρθρου 30α ν. 2190/1920. Ειδικότερα, κατά την προαναφερόμενη διάταξη «1. Η σύμβασις μεταξύ του παρασχόντος δικαίωμα ενεχύρου επί μετοχής Ανωνύμου Εταιρείας και του ενεχυρούχου πιστωτού καταρτιζομένη συγχρόνως μετά της ενεχυριακής συμβάσεως ή μεταγενεστέρως διά της οποίας συμφωνείται, ότι το εκ της μετοχής δικαίωμα ψήφου ανήκει εις τον ενεχυρούχον δανειστήν, είναι έγκυρος, αν δεν απαγορεύεται υπό του Καταστατικού κατά την αρχικήν αυτού μορφήν ή ως μεταγενεστέρως προ της συνάψεως της άνω συμβάσεως ετροποποιήθη...». Σημειώνεται ότι ειδικά για την ενεχύραση μετοχών υπέρ ανώνυμης εταιρίας του άρθρου 1 ν.δ. της 17.7/13.8.1923, εφαρμόζονται οι διατάξεις των άρθρων 35-47 του ιδίου νομοθετικού διατάγματος, παράλληλα δε οι περί ενεχύρου διατάξεις του ΑΚ, στο βαθμό που δεν αντιβαίνουν στις ρυθμίσεις του ως άνω ν.δ.

Στην προκειμένη περίπτωση οι αιτούσες εκθέτουν στην υπό κρίση αίτησή τους ότι δυνάμει της από 6 Σεπτεμβρίου 2014 συμβάσεως αγοραπωλησίας μετοχών (Share Sale & Purchase Agreement) πώλησαν στην εταιρεία με την επωνυμία «SPI China (HK) Limited» και στην εταιρεία με την επωνυμία «SPI Energy Co., Ltd», (διάδοχο της εταιρείας Solar Power Inc) το σύνολο των μετοχών της Μαλτέζικης εταιρείας με την επωνυμία «SINSIN RENEWABLE INVESTMENT LIMITED» που κατείχαν, ήτοι το σύνολο (100%) των μετοχών των τεσσάρων καθ' ων η αίτηση ελληνικών εταιρειών (εταιρείες – οχήματα ειδικού σκοπού), οι οποίες είναι ιδιοκτήτριες και λειτουργούν στην Ελλάδα φωτοβολταϊκά πάρκα συνολικής ισχύος 26,57 MW, το σύνολο των οποίων είχε στην κυριότητά της η ως άνω μαλτέζικη εταιρεία. Ότι προκειμένου να παρασχεθεί ασφάλεια στις αιτούσες ως προς την αποπληρωμή του τιμήματος την ίδια ημέρα υπογράφηκαν μεταξύ των πωλητριών (αιτουσών), αγοραστών και των ελεγχόμενων από τις τελευταίες θυγατρικών τους τέσσερις πανομοιότυπες συμβάσεις ενεχυρίασης μετοχών για τη σύσταση ενεχύρου στο σύνολο (100%) των μετοχών των καθ' ων η αίτηση εταιρειών. Ότι οι αγοράστριες κατέστησαν υπερήμερες ως προς την αποπληρωμή της 3ης δόσης του τιμήματος για τον λόγο αυτό οι αιτούσες προέβησαν κατόπιν αιτήματος των αγοραστριών τον Μάρτιο του 2016 προς εξασφάλιση της αποπληρωμής των υπόλοιπων δόσεων σε ιδιωτικό συμφωνητικό αναγνώρισης και αποπληρωμής χρέους ωστόσο ούτε τα νέα χρονικά περιθώρια όπως τέθηκαν στο ανωτέρω συμφωνητικό τηρήθηκαν ούτε οι λοιπές υποχρεώσεις που ανέλαβαν με αυτό. Ότι οι ίδιες (αιτούσες) στις 31-10-2017 προέβησαν στην από 30-10-2017 ειδοποίηση επέλευσης γεγονότος υπερημερίας και καταγγελίας στο πλαίσιο της σύμβασης ενεχυρίασης μετοχών στις αγοράστριες, τους

5

ενεχυραστές και καθ' ων η αίτηση θέτοντάς τους προθεσμία δέκα ημερών προς συμμόρφωση διαφορετικά θα προέβαιναν σε εκτέλεση ενεχύρου. Ότι η ανωτέρω προθεσμία παρήλθε άπρακτη και γι' αυτό ασκώντας τα δικαιώματά τους από τη σύμβαση ενεχυρίασης μετοχών προέβησαν ως επισπεύδοντες ενεχυρούχοι δανειστές για κάθε μία εκ των τεσσάρων καθ' ων η αίτηση στις 5-12-2017 σε σύγκληση αυτόκλητης Γενικής Συνέλευσης προκειμένου να ασκήσουν τα δικαιώματα ψήφου, που συνδέονται με τις ενεχυριασμένες μετοχές και να αποφασίσουν την ανάκληση των μελών του Διοικητικού Συμβουλίου και την εκλογή νέου Διοικητικού Συμβουλίου με απώτερο στόχο τη διαφύλαξη της αξίας των ενεχυριασμένων μετοχών, που αποτελούν τη μοναδική εξασφάλιση για την αποπληρωμή του οφειλόμενου ποσού. Ότι στις 9-12-2017 καταχώρησαν τα ανωτέρω πρακτικά στο διαδικτυακό τόπο του Γ.Ε.Μ.Η. Ότι στις 19-12-2017 οι μέτοχοι ενεχυραστές ενεργώντας καταχρηστικώς συγκάλεσαν έκτακτες Γενικές Συνελεύσεις για κάθε μία εκ των τεσσάρων καθ' ων η αίτηση δυνάμει των οποίων ανακάλεσαν το νεοεκλεγέν Διοικητικό Συμβούλιο και εξέλεξαν νέο Διοικητικό Συμβούλιο υποβάλλοντας τόσο Γ.Ε.Μ.Η όσο και στα τραπεζικά ιδρύματα τα νέα πρακτικά της Γ.Σ. περί εκλογής νέου Διοικητικού Συμβουλίου. Ότι με τις ενέργειες αυτές προκλήθηκε σύγχυση αναφορικώς με την εκπροσώπηση των καθ' ων η αίτηση εταιρειών με αποτέλεσμα την παρακώληση της καθημερινής λειτουργίας και εξυπηρέτησης των επιχειρηματικών αναγκών τους. Με βάση το ιστορικό αυτό επικαλούμενες επείγουσα περίπτωση ζητούν : α) να ανασταλεί η ισχύς των από 19-12-2017 αποφάσεων των έκτακτων Γενικών Συνελεύσεων των μετόχων των τεσσάρων καθ'ων η αίτηση εταιρειών και ο ορισμός εξ αυτών των νέων μελών του Δ.Σ τους μέχρι την έκδοση τελεσίδικης απόφασης επί της κύριας αγωγής ακύρωσης των αποφάσεων που ελήφθησαν στις εν λόγω Γενικές Συνελεύσεις και προτίθενται να ασκήσουν, β) να απαγορευτεί η οποιαδήποτε λήψη απόφασης εκ των Δ.Σ, που προέκυψαν από τις από 19-12-2017 έκτακτες Γενικές Συνελεύσεις και β'ι) να αναγνωρισθεί ως μόνο εκλεγέν και ισχύον Διοικητικό Συμβούλιο αυτό, που προέκυψε από τις από 5-12-2017 αντίστοιχες αυτόκλητες Γενικές Συνελεύσεις, που συγκάλεσαν οι ίδιες (αιτούσες) και από τα πρακτικά συγκρότησης σε σώμα των ως άνω Διοικητικών Συμβουλίων, βίι) άλλως και επικουρικώς να απαγορευτεί οποιαδήποτε λήψη απόφασης εκ των Διοικητικών Συμβουλίων που προέκυψαν από τις ως άνω από 19-12-2017 έκτακτες Γενικές Συνελεύσεις και βiii) να διαταχθεί ο ορισμός προσωρινής διοίκησης των τεσσάρων καθ'ων η αίτηση εταιρειών, η οποία να απαρτίζεται από τα πρόσωπα τα οποία υποδεικνύουν οι ίδιες ως μέλη του Διοικητικού Συμβουλίου με τις εξουσίες εκπροσώπησης, οι οποίες αναλυτικά περιγράφονται στην αίτηση, βίν) άλλως και επικουρικώς να απαγορευθεί η οιαδήποτε λήψη απόφασης εκ

6

...ύλλο της υπ'. αρ. 4252 /2018 απόφασης του Μονομελούς Πρωτοδικείου Αθηνών

Διοικητικών Συμβουλίων, που προέκυψαν από τις ως άνω από 19-12-2017 έκτακτες Γενικές Συνελεύσεις, γ) να τους χορηγηθεί άδεια να καταχωρηθεί στο Γ.Ε.Μ.Η η εκλογή των μελών του Διοικητικού Συμβουλίου, που εξελέγησαν με την από 5-12-2017 Γενική Συνέλευση άλλως και επικουρικώς να τους χορηγηθεί η άδεια να καταχωρηθεί στο Γ.Ε.Μ.Η η προσωρινή διοίκηση, που θα ορίσει το Δικαστήριο, δ) να υποχρεωθούν οι καθ' ων η αίτηση να παύσουν στο μέλλον όλες τις προαναφερόμενες πράξεις, που εμποδίζουν την άσκηση των προστατευτέων ουσιαστικών τους δικαιωμάτων, ε) να χορηγηθεί άδεια δημοσίευσης περίληψης τη εκδοθησομένης αποφάσεως σε δύο (2) εφημερίδες των Αθηνών εντός 30 ημερών από την έκδοσή της με δαπάνες των καθ' ων η αίτηση και στ) να καταδικαστούν στα δικαστικά τους έξοδα.

Η αίτηση με αυτό το περιεχόμενο φέρεται προς συζήτηση ενώπιον του αρμοδίου καθ' ύλην και κατά τόπον Δικαστηρίου κατά την προκειμένη διαδικασία των ασφαλιστικών μέτρων (άρθρα 682 επ. Κ.Πολ.Δ). Είναι νόμιμη και στηρίζεται στις διατάξεις των άρθρων 35ᵃ Κ.Ν. 2190/1920, 281, 69 Α.Κ. 731, 732, 740 παρ. 1, 786 Κ.Πολ.Δ και 3 παρ. 2 του ΕισΝΚΠολΔ (σύμφωνα με την άποψη που υιοθετεί το Δικαστήριο, σχ. ΕφΘεσσαλ. 2392/1990. Αρμ. 1990.639, Ασφαλιστικά μέτρα Παρμ. Τζίφρα , έκδοση 4ⁿ, σελ. 346) πλην των αιτημάτων υπό στοιχ. β, βίν τα οποία είναι απορριπτέα ως νομικά αβάσιμα, διότι τυχόν παραδοχή τους οδηγεί σε εντελή και πλήρη ικανοποίηση του σχετικού δικαιώματος η οποία, όμως, κατ' άρθρο 692 παρ. 4 Κ.Πολ.Δ. είναι ανεπίτρεπτη, αφού θα δημιουργούσε (η αποδοχή της αιτήσεως) συνέπειες που η ανατροπή τους, μετά την τυχόν αντίθετη κρίση του δικαστηρίου της κύριας δίκης (ανατροπή που δεν έχει αναδρομική ενέργεια -βλ. άρθρο 698 ΚΠολΔ) θα ήταν αδύνατη και του υπό στοιχ. βί αιτήματος το οποίο είναι επίσης απορριπτέο ως νομικά αβάσιμο και τούτο διότι ασφαλιστικά μέτρα με αναγνωριστικό περιεχόμενο αποκλείονται από την ίδια τη φύση της προσωρινής δικαστικής προστασίας (ΜονΒολ. 1294/1994 ΝοΒ 1995.740). Επίσης απορριπτέα ως νομικά αβάσιμα είναι και τα υπό στοιχεία δ και ε αιτήματα το μεν πρώτο, διότι δεν εκτίθεται στο δικόγραφο ότι υφίσταται κίνδυνος επανάληψης των παράνομων πράξεων στο μέλλον και το δεύτερο, διότι ο διορισμός προσωρινής διοίκησης δεν περιλαμβάνεται στις προβλεπόμενες από τη διάταξη του άρθρο 7 Α του Κ.Ν 2190/1920 περιπτώσεις δημοσιότητας. Επομένως η αίτηση κατά το μέρος, που κρίθηκε νόμιμη πρέπει να εξεταστεί περαιτέρω ως προς την ουσιαστική της βασιμότητα.

Πριν την έναρξη της συζήτησης στο ακροατήριο οι εταιρείες με την επωνυμία «SPI China (HK) Limited», που εδρεύει στο Χογκ Κονγκ και «SPI Energy Co., Ltd»,

που εδρεύει στις νήσους Κέιμαν (ως διάδοχος της εταιρείας Solar Power Inc) προφορική δήλωση των πληρεξουσίων δικηγόρων τους, άσκησαν πρόσθετη παρέμβαση υπέρ των καθ' ων η αίτηση και κατά των αιτουσών, την οποία αναλύουν στο έγγραφο σημείωμα τους, επικαλούμενες ότι είναι αγοράστριες της από 6 Σεπτεμβρίου 2014 συμβάσεως αγοραπωλησίας μετοχών και οι απώτατοι ιδιοκτήτες (Ultimate Beneficial Owners) - μέτοχοι των καθ' ων η αίτηση εταιρειών – οχημάτων ειδικού σκοπού, η δε ιδιοκτησία τους προκύπτει μέσω της συμμετοχής τους στην κατά 100% θυγατρική Μαλτέζικη εταιρεία με την επωνυμία «SINSIN RENEWABLE INVESTMENT LIMITED» η οποία είναι η μοναδική μέτοχος: α) της Μαλτέζικης εταιρείας «Photovoltaika Parka Veroia 1 Malta Limited» η οποία είναι μοναδική μέτοχος (100%) της τέταρτης καθ' ης η αίτηση, β) της Μαλτέζικης εταιρείας «Sinsin Renewable Investment Malta Limited», η οποία είναι μοναδική μέτοχος της πρώτης καθ' ης η αίτηση και γ) της Κυπριακής εταιρείας «Veltimo Limited», η οποία είναι η μοναδική μέτοχος της δεύτερης και τρίτης των καθ' ων η αίτηση εταιρειών. Επικαλούμενες δε το άμεσο έννομο συμφέρον τους να αποβεί η δίκη υπέρ των καθ' ων η αίτηση ζητούν να απορριφθεί η υπό κρίση αίτηση.

Με το περιεχόμενο αυτό η πρόσθετη αυτή παρέμβαση είναι παραδεκτή και νόμιμη στηριζόμενη στις διατάξεις των άρθρων 686 παρ. 6 ΚΠολΔ, 68, 80, 81 Κ.Πολ.Δ. και πρέπει να ερευνηθεί περαιτέρω.

Κατά τη διάταξη του άρθρου 264 του Κ.Πολ.Δ.: «Αν η διαφορά υπάγεται σε διαιτησία, το δικαστήριο παραπέμπει την υπόθεση στη διαιτησία, διατηρούνται όμως οι συνέπειες της άσκησης της αγωγής. Αν πάψει να ισχύει η συμφωνία της διαιτησίας, η υπόθεση επαναφέρεται με κλήση». Από τη διάταξη αυτή σαφώς συνάγεται ότι η έννομη συνέπεια της, κατόπιν εγκαίρου προτάσεως της σχετικής ενστάσεως υπό του εναγομένου (άρθρο 263 του Κ.Πολ.Δ.), υπαγωγής της διαφοράς στην διαιτησία, είναι η παραπομπή της υποθέσεως στη διαιτησία και όχι η απόρριψη της αγωγής ως απαράδεκτης λόγω ελλείψεως δικαιοδοσίας, όπως όντως θα συνέβαινε εάν δεν υπήρχε η δια της ως άνω διατάξεως ειδική νομοθετική πρόβλεψη (ΑΠ 459/1988 ΕλλΔνη 1989.961, ΕφΑθ 1213/2006 ΕλλΔνη 2006.1105). Τούτο ισχύει ανεξαρτήτως αν πρόκειται για ημεδαπή ή αλλοδαπή διαιτησία, διότι η διάταξη δε διακρίνει. Η διαιτητική, δε, συμφωνία αποτελεί ιδίαν δικονομικού δικαίου συμφωνία, η οποία σαφώς διακρίνεται από την ουσιαστική κυρία σύμβαση και είναι ανεξάρτητη και αυτοτελής, χωρίς να επηρεάζεται από την πρώτη (ΑΠ 816/1983 ΝοΒ 32.638, ΕφΑθ 1213/2006 ΕλλΔνη 2006.1105, ΕφΑθ 1944/2006 ΔΕΕ 2006.1298, ΕφΑθ 5522/2002 Αρμ 2003.1658). Η αυτοτέλεια αυτή της διαιτητικής συμφωνίας έχει ως συνέπεια το ανεπηρέαστο αυτής από την τύχη της κυρίας συμβάσεως, ούτως ώστε η ακυρότητα της τελευταίας δεν συμπαρασύρει σε ακυρότητα και την διαιτητική συμφωνία, διότι

φύλλο της υπ'. αρ. 4212  /2018 απόφασης του Μονομελούς Πρωτοδικείου Αθηνών

δεν υπάρχει διάταξη νόμου, η οποία να ορίζει ότι καθίσταται αναγκαίως ή αυτοδικαίως άκυρη η διαιτητική συμφωνία, οσάκις είναι άκυρη και η σύμβαση ή η έννομη σχέση την οποία αφορά (Β. Βαθρακοκοίλη, ΚΠολΔ, άρθρο 867, αριθμ. 38 με τις εκεί παραπομπές).

Στην προκειμένη περίπτωση οι προσθέτως παρεμβαίνουσες ασκώντας τα μέσα επίθεσης και άμυνας των υπέρ ων η πρόσθετη παρέμβαση εταιρειών ισχυρίζονται ότι η διάγνωση της ένδικης διαφοράς εξαρτάται από το εάν έχει επέλθει γεγονός καταγγελίας και γεγονός εκτέλεσης σύμφωνα με τη σύμβαση πώλησης και τις εξασφαλιστικές συμβάσεις ενεχύρου. Ότι αρμόδιο για να κρίνει το ζήτημα αυτό είναι αποκλειστικά και μόνο το Διαιτητικό Δικαστήριο της Μάλτας κατά το δίκαιο της Μάλτας που διέπει την κύρια σύμβαση (σύμβαση αγοραπωλησίας). Ότι έχουν ήδη προσφύγει στο ανωτέρω Δικαστήριο καταθέτοντας την από 20 Μαρτίου 2018 αγωγή τους την οποία γνωστοποίησαν στις αιτούσες διεκδικώντας αποζημίωση 54.000.000 ευρώ από την επίδικη συναλλαγή προβάλλοντας την ένταση του μη εκπληρωθέντος συναλλάγματος με συνέπεια την απαλλαγή τους από κάθε ευθύνη από την εκπλήρωση των υποχρεώσεών τους μέχρι την εκπλήρωση των υποχρεώσεων των αιτούσαν. Ζητούν δε να ανασταλεί η δίκη κατ' αναλογική εφαρμογή του άρθρου 249 Κ.Πολ.Δ. εωσότου περατωθεί τελεσίδικα η ήδη εκκρεμής δίκη ενώπιον του Διαιτητικού Δικαστηρίου της Μάλτας, άλλως ισχυρίζονται ότι αρμόδιο Δικαστήριο για την επίλυση της επίδικης διαφοράς είναι το Διαιτητικό Δικαστήριο της Μάλτας, άλλως ότι εφαρμοστέο δίκαιο για την επίλυση της διαφοράς είναι το δίκιο της Μάλτας. Το αίτημα περί αναστολής της δίκης κατ' άρθρο 249 Κ.Πολ.Δ πρέπει να απορριφθεί και τούτο διότι η επιβράδυνση της διαδικασίας που θα προκληθεί από την αναστολή καταργεί την ανάγκη για κατεπείγουσα προστασία του ασφαλιστέου δικαιώματος. Ο ισχυρισμός περί υπαγωγής της διαφοράς σε διαιτησία συνιστά ένσταση η οποία είναι νόμιμη στηρίζεται στη διάταξη του άρθρου 264 Κ.Πολ.Δ. και πρέπει να ερευνηθεί περαιτέρω ως προς την ουσιαστική της βασιμότητα. Τέλος αναφορικά με τον τελευταίο ισχυρισμό περί εφαρμοστέου δικαίου πρέπει να σημειωθεί ότι ακόμη και στη περίπτωση που η διαφορά έχει στοιχεία αλλοδαπότητας λόγω του επείγοντος χαρακτήρα της παροχής έννομης προστασίας το Δικαστήριο εφαρμόζει τις διατάξεις του ημεδαπού δικαίου, διότι δεν γνωρίζει ούτε μπορεί να πληροφορηθεί σε σύντομο χρονικό διάστημα χωρίς να διαταχθούν αποδείξεις, το ειδικότερο περιεχόμενο του αλλοδαπού δικαίου (βλ. ως προς αυτή τη δυνατότητα ΜονΠρΠ 2676/2000 ΑρχΝ 2001.72, Μον ΠρΑΘ 20375/1993 ΕλλΔνη 1994.1397, Τέντε και Κράνη, ΕρμΚΠολΔ Κεραμέως- Κονδύλη-Νίκα υπό άρθρα 337 αρ. 4 και 690 αρ, 5).

9

Από την εκτίμηση των ενόρκων καταθέσεων των μαρτύρων, που εξετάσθηκαν στο ακροατήριο του Δικαστηρίου τούτου και των εγγράφων, που προσκομίζουν αιτούσες και οι προσθέτως παρεμβαίνουσες πιθανολογήθηκαν τα ακόλουθα πραγματικά περιστατικά: Οι αιτούσες δυνάμει της από 6 Σεπτεμβρίου 2014 συμβάσεως αγοραπωλησίας μετοχών (Share Sale & Purchase Agreement) πώλησαν στην εταιρεία με την επωνυμία «SPI China (HK) Limited» και στην εταιρεία με την επωνυμία «SPI Energy Co., Ltd», (διάδοχο της εταιρείας Solar Power Inc) - προσθέτως παρεμβαίνουσες - το σύνολο των μετοχών της Μαλτέζικης εταιρείας με την επωνυμία «SINSIN RENEWABLE INVESTMENT LIMITED» που κατείχαν, ήτοι το σύνολο (100%) των μετοχών των τεσσάρων καθ' ων η αίτηση ελληνικών εταιρειών (εταιρείες – οχήματα ειδικού σκοπού), οι οποίες είναι ιδιοκτήτριες και λειτουργούν στην Ελλάδα φωτοβολταϊκά πάρκα συνολικής ισχύος 26,57 MW, το σύνολο των οποίων είχε στην κυριότητά της η ως άνω μαλτέζικη εταιρεία. Προκειμένου να παρασχεθεί ασφάλεια στις αιτούσες - πωλητές (κατά την ανωτέρω σύμβαση) ως προς την αποπληρωμή του τιμήματος - το ύψος του οποίου συμφωνήθηκε στο ποσό των 70.660.000 ευρώ καταβλητέο σε τέσσερις δόσεις - την ίδια ημέρα υπογράφηκαν μεταξύ των πωλητών (αιτουσών), αγοραστών (κατά την ανωτέρω σύμβαση) και των ελεγχόμενων από τις τελευταίες θυγατρικών τους τέσσερις πανομοιότυπες συμβάσεις ενεχυρίασής μετοχών για τη σύσταση ενεχύρου στο σύνολο (100%) των μετοχών των καθ' ων η αίτηση εταιρειών. Σύμφωνα με τους όρους των ανωτέρω συμβάσεων πριν από κάποιο γεγονός εκτέλεσης - όπου γεγονός εκτέλεσης νοείται σύμφωνα με τις εν λόγω συμβάσεις κάθε γεγονός που θα καθιστά τους αγοραστές υπερήμερους ως προς τις υποχρεώσεις τους προς  αποπληρωμή του τιμήματος των μετοχών – ο ενεχυραστής δύναται να εξασκεί το σύνολο των δικαιωμάτων ψήφου και / ή των δικαιωμάτων αρνησικυρίας όπως και τις εξουσίες επί των ενεχυρασμένων μετοχών..... (όρος 5.1.1 συμβάσεων ενεχυριάσεων). Υπό την επιφύλαξη των δικαιωμάτων και των επανορθωτικών μέτρων που έχουν στη διάθεσή τους οι πωλητές – αιτούσες, όπως αυτά ορίζονται δυνάμει της ρήτρας 7, σε περίπτωση επέλευσης γεγονότος εκτέλεσης, οι πωλητές θα περιβάλλονται ευθύς αμέσως με τις εξουσίες με όλα τα δικαιώματα που σχετίζονται με τον ενεχυραστή δυνάμει των ενεχυρασμένων μετοχών  και ειδικότερα: όλα τα δικαιώματα ψήφου όπως και τα λοιπά δικαιώματα και εξουσίες που συνδέονται με τις ενεχυριασμένες μετοχές θα παραχωρούνται στους πωλητές – αιτούσες οι οποίοι θα ασκούν αυτά τα δικαιώματα για τους σκοπούς του ενεχύρου και σε συνάρτηση με τους όρους αυτού (όρος 5.2.2). Ακολούθως σύμφωνα με τα επανορθωτικά μέτρα (όρος 7 συμβάσεων ενεχύρου μετοχών) μετά από κάθε γεγονός εκτέλεσης και κάθε έκδοση ειδοποίησης γεγονότος εκτέλεσης οι πωλητές δύνανται να ασκούν ......... (όρος 7.1.2) άπαντα τα δικαιώματά

φύλλο της υπ'. αρ. 4212 /2018 απόφασης του Μονομελούς Πρωτοδικείου Αθηνών

τους που σχετίζονται με τις εναχυριασμένες μετοχές συμπεριλαμβανομένων των δικαιωμάτων τους να συγκαλούν γενικές συνελεύσεις, να ανακαλούν τα μέλη των Διοικητικών Συμβουλίων ....... (όρος 7.1.3) να διορίζουν μέλη διοικητικών συμβουλίων και στελέχη. Περαιτέρω πιθανολογήθηκε ότι οι αγοραστές – προσθέτως παρεμβαίνουσες κατέστησαν υπερήμερες ως προς την αποπληρωμή της $3^n$ δόσης του τιμήματος, που αντιστοιχούσε σε ποσοστό 5% του συνολικού τιμήματος η οποία ήταν καταβλητέα έως και την $30^n$-11-2015. Για τον λόγο αυτό οι αιτούσες - πωλήτές στις 31-10-2017 προέβησαν στην από 30-10-2017 ειδοποίηση καταγγελίας και εκτέλεσης ενεχύρου προς τους αγοραστές – προσθέτως παρεμβαίνουσες, τους ενεχυραστές και τις τέσσερις καθ'ων η αίτηση θέτοντας 10ήμερη προθεσμία από την ημέρα παραλαβής της προς αποπληρωμή του οφειλόμενου ποσού πλέον τόκων διαφορετικά θα προέβαιναν σε εκτέλεση ενεχύρου. Οι αγοραστές – προσθέτως παρεμβαίνουσες για πρώτη φορά με την από 9-11-2017 εξώδικη δήλωσή τους και ενώ είχαν προηγηθεί οι από 13-7-2016 και 1-3-2017 επιστολές των αιτουσών προς συμμόρφωση με το περιεχόμενο της από 6-9-2014 σύμβασης αγοραπωλησίας, σε απάντηση των τεσσάρων αναγγελιών καταγγελίας και αναγγελιών γεγονότος εκτέλεσης ενεχύρου πρόβαλλαν ισχυρισμούς περί παραβίασης των συμβατικών υποχρεώσεων των πωλητών, ήτοι την παράλειψη της δέσμευσής τους να ορίσουν τη δεύτερη εξ αυτών ως ανάδοχο μηχανικού σχεδιασμού προμήθειας και κατασκευής σε φωτοβολταϊκά πάρκα με ισχύ πλέον των 360 MW εντός τριών ετών από την ολοκλήρωση της συναλλαγής. Μάλιστα, όπως προειπώθηκε για την απαίτησή τους αυτή έχουν καταθέσει την από 20 Μαρτίου 2018 αγωγή τους ενώπιον του διαιτητικού δικαστηρίου της Μάλτας καθόσον εφαρμοστέο για την κύρια σύμβαση της αγοραπωλησίας μετοχών είναι το δίκαιο της Μάλτας διεκδικώντας αποζημίωση 54.000.000 ευρώ από την επίδικη συναλλαγή προβάλλοντας την αντίστοιχη κατά το δίκαιο της Μάλτας ένταση του μη εκπληρωθέντος συναλλάγματος με συνέπεια την απαλλαγή τους από κάθε ευθύνη ως προς την εκπλήρωση της υποχρέωσης καταβολής του τιμήματος μέχρι την εκπλήρωση των ανωτέρω υποχρεώσεων των αιτουσών. Το ανωτέρω ζήτημα το οποίο θα κριθεί από το ανωτέρω Δικαστήριο αφορά την κύρια σύμβαση της αγοραπωλησίας μετοχών και όχι τις από 6-9-2014 συμβάσεις ενεχύρου μετοχών οι οποίες διέπονται από το Ελληνικό δίκαιο με αποτέλεσμα η ένσταση περί υπαγωγής της διαφοράς σε διαιτησία, που πρόβαλαν οι προσθέτως παρεμβαίνουσες να είναι απορριπτέα ως αβάσιμη κατ' ουσίαν καθόσον το δικαίωμα προς εξασφάλιση του οποίου οι αιτούσες ζητούν προσωρινή δικαστική προστασία είναι αυτό της σύμβασης ενεχύρου και κατ' επέκταση η λήψη

11

ασφαλιστικών μέτρων προς διασφάλιση της αξίας των μετοχών των τεσσάρων καθ΄ ων η αίτηση εταιρειών επί των οποίων συστήθηκε το ενέχυρο. Ακολούθως στις από 6-9-2014 συμβάσεις ενεχυρίασης μετοχών γίνεται σαφής προσδιορισμός της έννοιας του γεγονότος εκτέλεσης, το οποίο δεν εξαρτάται από αίρεση ή όρο ή αντιπαροχή των πωλητών. Εξάλλου το Δικαστήριο εξετάζοντας παρεμπιπτόντως το εν λόγω ζήτημα και εφαρμόζοντας λόγω του κατεπείγοντος το Ελληνικό δίκαιο οδηγείται στο συμπέρασμα ότι η υποχρέωση των αγοραστών προς αποπληρωμή του τιμήματος ουδέποτε εξαρτήθηκε από την ταυτόχρονη δέσμευση των πωλητών - αιτουσών να ορίσουν τη δεύτερη προσθέτως παρεμβαίνουσα ως ανάδοχο μηχανικού σχεδιασμού προμήθειας και κατασκευής σε φωτοβολταϊκά πάρκα εντός τριών ετών από την ολοκλήρωση της συναλλαγής. Το γεγονός αν ο σχετικός όρος της κύριας σύμβασης (σύμβασης αγοραπωλησίας) αφορά αντίστοιχη υποχρέωση, δέσμευση ή ευχή για μελλοντική συνεργασία των πωλητών με τους αγοραστές, συνεπεία της παράβασης του οποίου οι αγοραστές δικαιούνται αποζημίωση θα κριθεί από το Διαιτητικό Δικαστήριο της Μάλτας, αφού δε συνιστά αντικείμενο της κρινόμενης αίτησης το αντικείμενο της οποίας οριοθετήθηκε ανωτέρω. Περαιτέρω πιθανολογήθηκε ότι η ανωτέρω δεκαήμερη προθεσμία, που έθεσαν οι αιτούσες στους αγοραστές παρήλθε άπρακτη και γι' αυτό οι πωλητές ασκώντας τα δικαιώματά τους από τη σύμβαση ενεχυρίασης μετοχών προέβησαν ως επισπεύδοντες ενεχυρούχοι δανειστές στις 5-12-2017 σε σύγκληση αυτόκλητης Γενικής Συνέλευσης για κάθε μία εκ των τεσσάρων καθ' ων η αίτηση προκειμένου να ασκήσουν τα δικαιώματα ψήφου, που συνδέονται με τις ενεχυριασμένες μετοχές. Ασκώντας τα δικαιώματα των ενεχυραστών - μετόχων αποφάσισαν την ανάκληση των μελών του Διοικητικού Συμβουλίου και την εκλογή νέου Διοικητικού Συμβουλίου με απώτερο στόχο τη διαφύλαξη της αξίας των ενεχυριασμένων μετοχών, που αποτελούν τη μοναδική εξασφάλιση για την αποπληρωμή του υπόλοιπου ποσού του τιμήματος. Το νέο Διοικητικό Συμβούλιο, που εξέλεξαν, απαρτιζόταν από τους Dejun Ye, Fan Yang και Γεώργιο Γεροβασίλη. Ακολούθως στις 9-12-2017 οι αιτούσες καταχώρησαν τα ανωτέρω πρακτικά στο διαδικτυακό τόπο του Γ.Ε.Μ.Η ενημερώνοντας σχετικά και την πληρεξούσια δικηγόρο των καθ' ων η αίτηση εταιρειών. Παράλληλα στις 7-12-2017 απευθύνθηκαν στις Τράπεζες, Εθνική και Πειραιώς στις οποίες οι καθ' ων η αίτηση διατηρούν λογαριασμούς προκειμένου να τους γνωστοποιήσουν το νέο Διοικητικό Συμβούλιο των καθ' ων η αίτηση εταιρειών. Ωστόσο στις 28-12-2017 οι αιτούσες ενημερώθηκαν ότι οι μοναδικοί μέτοχοι ενεχυραστές των καθ' ων η αίτηση συγκάλεσαν στις 19-12-2017 έκτακτες Γενικές Συνελεύσεις δυνάμει των οποίων ανακάλεσαν το νεοεκλεγέν από τις αιτούσες Διοικητικό Συμβούλιο και εξέλεξαν δικό τους Διοικητικό Συμβούλιο

φύλλο της υπ'. αρ. 4212 /2018 απόφασης του Μονομελούς Πρωτοδικείου Αθηνών

αποτελούμενο από τους Βασίλειο Ορφανό, Hoong Choeng και Φωτεινή Μπουτούρη αποβάλλοντας τόσο στο Γ.Ε.Μ.Η όσο και στα τραπεζικά ιδρύματα τα νέα πρακτικά της Γ.Σ. περί εκλογής νέου Διοικητικού Συμβουλίου. Οι ενεχυραστές – μοναδικοί μέτοχοι των καθ' ων η αίτηση εταιρειών έλαβαν τις ανωτέρω αποφάσεις καταχρώμενοι την εξουσία τους, και τούτο διότι σύμφωνα με όσα αναλυτικά εκτέθηκαν ανωτέρω από την επέλευση του γεγονότος καταγγελίας και εκτέλεσης ενεχύρου εξουσία συμμετοχής στις γενικές συνελεύσεις των καθ' ων η αίτηση εταιρειών με δικαίωμα ψήφου είχαν μόνο οι αιτούσες – ενεχυρούχοι δανειστές. Επομένως πρέπει να απορριφθεί ως νομικά αβάσιμη η ένσταση καταχρηστικής άσκησης του δικαιώματος των πωλητών, που πρόβαλαν οι προσθέτως παρεμβαίνουσες, διότι τα περιστατικά που επικαλούνται για τη θεμελίωσή της δεν συνιστούν κατάχρηση δικαιώματος. Περαιτέρω από τη σύγχυση που προκλήθηκε έναντι των τρίτων αναφορικώς με τη νόμιμη εκπροσώπηση των καθ' ων η αίτηση εταιρειών, που είχε ως επακόλουθο την παρακώληση της καθημερινής λειτουργίας και εξυπηρέτησης των επιχειρηματικών αναγκών τους, το πάγωμα των τρεχουσών συναλλαγών και πληρωμών, προκύπτει ότι υφίσταται επείγουσα περίπτωση προς προσωρινή ρύθμιση της κατάστασης, με τον ορισμό προσωρινής διοίκησης των καθ' ων η αίτηση εταιρειών με συγκεκριμένες αρμοδιότητες, απορριπτόμενου ως αβάσιμου του περί του αντιθέτου ισχυρισμού, που πρόβαλλαν οι προσθέτως παρεμβαίνουσες, με την επισήμανση ότι το επιλεγέν ασφαλιστικό μέτρο του διορισμού της προσωρινής διοίκησης προκρίνεται ως το καταλληλότερο, διότι δεν δημιουργεί αμετάκλητες καταστάσεις οδηγώντας σε πλήρη ικανοποίηση του ασφαλιστέου δικαιώματος. Κατ' ακολουθία των ανωτέρω πρέπει η υπό κρίση αίτηση να γίνει εν μέρει δεκτή ως ουσιαστικά βάσιμη: Α) να ανασταλεί η ισχύς των από 19-12-2017 αποφάσεων των έκτακτων Γενικών Συνελεύσεων των μετόχων των τεσσάρων καθ' ων η αίτηση εταιρειών περί ορισμού μελών Διοικητικών Συμβουλίων αυτών μέχρι την έκδοση τελεσίδικης απόφασης επί της ήδη ασκηθείσας από 14-3-2018 (αρ. κατ. 25276/999/150302918) κύριας αγωγής ακύρωσης των αποφάσεων των ανωτέρω έκτακτων Γενικών Συνελεύσεων των καθ' ων η αίτηση εταιρειών, που ήδη έχουν ασκήσει οι αιτούσες (σχ. οι από 8319β, 8320β, 8321 και 8322/15-3-2018 εκθέσεις επίδοσης του Δικαστικού Επιμελητή στο Εφετείο Αθηνών Γ. Φιλιππουπολίτη στις καθ' ων η αίτηση), Β) να ορισθεί προσωρινή διοίκηση των τεσσάρων καθ' ων η αίτηση αποτελούμενη από δύο μέλη των αιτουσών (Dejun Ye, Fan Yang) και ένα μέλος των καθ' ων (Koong Cheong) με τις ακόλουθες περιοριστικώς καθοριζόμενες αρμοδιότητες: α) να εκπροσωπούν δικαστικά και

13

εξώδικα τις καθ' ων η αίτηση, ενώπιον πάσης δημόσιας αρχής και αρμόδιου δικαστηρίου, β) να κινούν τους τραπεζικούς λογαριασμούς των καθ' ων ώστε να προβαίνουν αποκλειστικώς και μόνον στην πληρωμή υφιστάμενων και τρεχουσών υποχρεώσεων των καθ' ων προς τρίτους, προερχομένων από την τακτική διαχείρισή τους (χρέη προς το Δημόσιο, εργαζομένους,  ασφαλιστικούς φορείς, ιδιώτες δανειστές, τράπεζες), με εξαίρεση την πληρωμή του τιμήματος των μετοχών που μεταβιβάστηκαν  από τις αιτούσες στις προσθέτως παρεμβαίνουσες με την από 6-9-2014 σύμβαση αγοραπωλησίας μετοχών, γ) να εισπράττουν τα έσοδα των καθ' ων η αίτηση ιδίως από την πώληση ηλεκτρικής ενέργειας από τα φωτοβολταϊκά πάρκα των καθ' ων προς τον «ΛΑΓΗΕ» τα οποία (έσοδα)  ακολούθως να καταθέτουν στους τραπεζικούς λογαριασμούς των καθ' ων η αίτηση με αποκλειστικό σκοπό την πληρωμή των ανωτέρω υπό στοιχείο β' υποχρεώσεων των καθ' ων η αίτηση (δηλαδή όχι για την πληρωμή του τμήματος πώλησης των μεταβιβασθέντων με την από 6-9-2014 σύμβαση αγοραπωλησίας μετοχών από τις αιτούσες προς τις προσθέτως παρεμβαίνουσες). Γ) Επιτρέπει στις αιτούσες να καταχωρήσουν στο Γ.Ε.Μ.Η την ορισθείσα προσωρινή διοίκηση των καθ' ων με τις ανωτέρω αρμοδιότητες. Περαιτέρω πρέπει να απορριφθεί η πρόσθετη παρέμβαση. Τέλος, οι καθ' ων η αίτηση, που ερημοδικούν και ηττώνται, πρέπει να καταδικαστούν στα δικαστικά έξοδα των αιτουσών κατά τα ειδικότερα διαλαμβανόμενα  στο διατακτικό ενώ τα δικαστικά έξοδα των προσθέτως παρεμβαινουσών, πρέπει να επιβληθούν σε βάρος τους λόγω της ήττας των καθ' ων η αίτηση  (άρθρα 178, 182  παρ.1  184 και 191 Κ.Πολ.Δ).

ΓΙΑ ΤΟΥΣ ΛΟΓΟΥΣ ΑΥΤΟΥΣ

Συνεκδικάζει την υπό κρίση αίτηση με την προφορικώς ασκηθείσα πρόσθετη παρέμβαση ερήμην των καθ' ων η αίτηση και κατ' αντιμωλία των λοιπών διαδίκων.

Απορρίπτει ότι κρίθηκε απορριπτέο στο σκεπτικό.

Δέχεται εν μέρει την αίτηση.

Αναστέλλει την  ισχύ  των από 19-12-2017 αποφάσεων των έκτακτων Γενικών Συνελεύσεων  των μετόχων των τεσσάρων καθ' ων η αίτηση εταιρειών  περί ορισμού μελών Διοικητικών Συμβουλίων αυτών  μέχρι την έκδοση τελεσίδικης απόφασης επί της ασκηθείσας από 14-3-2018 (αρ. κατ. 25276/999/150302918) κύριας αγωγής ακύρωσης των αποφάσεων των από 19-12-2017 έκτακτων Γενικών Συνελεύσεων των καθ' ων η αίτηση εταιρειών, που  άσκησαν οι αιτούσες.

Ορίζει προσωρινή διοίκηση των τεσσάρων καθ' ων η αίτηση αποτελούμενη από δύο μέλη των αιτουσών (Dejun Ye, Fan Yang) και ένα μέλος των καθ' ων (Koong Cheong) με τις ακόλουθες περιοριστικώς καθοριζόμενες αρμοδιότητες: α) να εκπροσωπούν δικαστικά και εξώδικα τις καθ' ων η αίτηση, ενώπιον πάσης δημόσιας

 φύλλο της υπ'. αρ. 4212 /2018 απόφασης του Μονομελούς Πρωτοδικείου Αθηνών

αρχής και παντός δικαστηρίου, β) να κινούν τους τραπεζικούς λογαριασμούς των καθ' ων ώστε να προβαίνουν αποκλειστικώς και μόνον στην πληρωμή υφιστάμενων και τρεχουσών υποχρεώσεων των καθ' ων προς τρίτους, προερχομένων από την τακτική διαχείρισή τους (χρέη προς το Δημόσιο, εργαζομένους, ασφαλιστικούς φορείς, ιδιώτες δανειστές, τράπεζες), με εξαίρεση την πληρωμή του τιμήματος των μετοχών που μεταβιβάστηκαν από τις αιτούσες στις προσθέτως παρεμβαίνουσες με την από 6-9-2014 σύμβαση αγοραπωλησίας μετοχών, γ) να εισπράττουν τα έσοδα των καθ' ων η αίτηση ιδίως από την πώληση ηλεκτρικής ενέργειας από τα φωτοβολταϊκά πάρκα των καθ' ων προς τον «ΛΑΓΗΕ» τα οποία (έσοδα) ακολούθως να καταθέτουν στους τραπεζικούς λογαριασμούς των καθ' ων η αίτηση με αποκλειστικό σκοπό την πληρωμή των ανωτέρω υπό στοιχείο β΄ υποχρεώσεων των καθ' ων η αίτηση (δηλαδή όχι για την πληρωμή του τιμήματος πώλησης των μεταβιβασθέντων με την από 6-9-2014 σύμβαση αγοραπωλησίας μετοχών από τις αιτούσες προς τις προσθέτως παρεμβαίνουσες).

Επιτρέπει στις αιτούσες να καταχωρήσουν στο Γ.Ε.Μ.Η την ορισθείσα προσωρινή διοίκηση των καθ' ων η αίτηση με τις ανωτέρω αρμοδιότητες.

Απορρίπτει την πρόσθετη παρέμβαση.

Καταδικάζει τις καθ' ων η αίτηση στα δικαστικά έξοδα των αιτουσών το ύψος των οποίων ορίζει στο ποσό των διακοσίων (200) ευρώ.

Κρίθηκε, αποφασίσθηκε και δημοσιεύθηκε σε έκτακτη δημόσια συνεδρίαση στο ακροατήριό του στην Αθήνα στις 25-6-2018 χωρίς την παρουσία των διαδίκων και των πληρεξουσίων δικηγόρων τους.

Η ΔΙΚΑΣΤΗΣ            Η ΓΡΑΜΜΑΤΕΑΣ



ΑΚΡΙΒΕΣ ΑΝΤΙΓΡΑΦΟ
Το οποίο θεωρήθηκε για τη νόμιμη σήμανση και έκδοση του κατά τη σειρά της παραγγελίας. 26 ΙΟΝ 2018
ΑΘΗΝΑ,...
...Γραμματέας

15

ATHENS COURT OF FIRST INSTANCE PROCEDURE

FOR INTERIM MEASURES RELIEF

## DECISION NUMBER 4212/2018

### THE ATHENS SINGLE MEMBER COURT OF FIRST INSTANCE

Consisting of the Judge Alexia-Eleni Dorii, Chairman, who has been appointed by the Chairman of the Three-Member Management Board of the Court of First Instance.

Met in a public hearing on 20-03-2018, without a Secretary being present to adjudicate the case between:

The claimants: 1) The Company under trade name "SINSIN EUROPE SOLAR ASSET LIMITED PARTNERSHIP" which has its registered seat in Cayman Islands, Suite 716 10 Market Street, Grand Cayman KY1-9006, with registration number 70887, and is not a holder of a Tax Identification Number in Greece, duly represented and 2) The Company under trade name "SINSIN SOLAR CAPITAL LIMITED PARTNERSHIP", which has its registered seat in Cayman Islands, Suite 716 10 Market Street, Grand Cayman KY1-9006, and is not a holder of a Tax Identification Number in Greece, with registration number 70738, duly represented, which were represented by their proxy attorneys Charalampos Karampelis, Apostolos Kourtis and Elli Dimitropoulou, who lodged a note.

The respondents: 1) The Société Anonyme under trade name "JASPER PV MACEDONIA ENERGY SOCIETE ANONYME", which has its registered seat in Athens, 62, Mitropoleos Street, TIN 800402906 and is duly represented, 2) The Société Anonyme under trade name "ORION ENERGY SOCIETE ANONYME PHOTOVOLTAIC PROJECTS" which has its registered seat in N. Kosmos, Attica, 7, Amvrosiou Frantzi Street, TIN 998535064 and is duly represented and 3) The Société Anonyme under trade name "ASTRAIOS ENERGY SOCIETE ANONYME PHOTOVOLTAIC PROJECTS", which has its registered seat in Athens, 62, Mitropoleos Street, TIN 998535039 and is duly represented and 4) The Société Anonyme under trade name "PHOTOVOLTAIC PARKS VEROIA I SOCIETE ANONYME" which has its registered seat in N. Kosmos, Attica, 7, Amvrosiou Frantzi Street, TIN 800387357 and is duly represented, which were not represented by a proxy attorney

The additional interveners in favor of the respondents: The company under trade name "SPI CHINA (HK) Limited" which has is registered in Hong Kong (address RM 1702, 17/F Tung Hip Commercial Building 248 Des Voeux Rd Central) which is not a holder of a Tax Identification Number in Greece and is duly represented and 2) The Company under trade name "SPI Energy Co., Ltd" which has its registered seat in Cayman Islands (address Maples Corporate Limited, Po Box 309, Ugland House, Grand Cayman, KY1-1104), its primary executive seat is located in 7F/A Block, 1st Building, Jinqi Plaza No. 2145 Jinshajiang Road, Putuo District, Shanghai, People's Republic of China (as a successor of the company Solar Power Inc) which is not a holder of a Tax Identification Number in Greece and is duly represented, which were

represented by their proxy attorneys Euaggelos Politis and Nikolaos Anastopoulos, who lodged a note.

The claimants request that their application dated 26-01-2018 which was lodged at this Court's Registry under general filing number 8117/2018 and special filing number 876/2018 and was scheduled for a hearing for the trial date mentioned above by virtue of the decision of the competent judge dated 8-2-2018, to be accepted,

The additional interveners request that the additional intervention which was filed admissibly with an oral declaration made by their attorneys in favor of the respondents and against the claimants to be accepted.

During the hearing of the aforementioned cases which were heard together due to their affinity the attorneys of the additional interveners developed their claims and requested that anything that is mentioned in their application to be accepted.

HAVING EXAMINING THE CASE FILE

AND IN ACCORDANCE WITH THE LAW

[....]The following shall be under examination on the hearing: A) the application (under the General Filing Number 8117/2018, the Special Filing Number 876/2018 dated on January 21, 2018 B) the additional intervention orally made by "SPI CHINA Limited" and "SPI Energy Co Ltd", (as the successor of Solar Power Inc) in favour of the respondents and against the claimants. The application and the additional intervention, since they are related, should be heard together under the Ar. 246 of Civil Procedure Code, since both fall under the same procedure, thus the conduction of the trial will be expedited decreasing also in that way the expenses).

It derives from the proof of services under the no. 8172β'/30-1-2018, 8171β'/30-1-2018, 8170β'/30-1-2018, 8169β'/30-1-2018 of the bailiff of the Athens Court of Appeal, George Filippoupolitis, having his seat at the First Instance Court of Athens , which were presented and invoked by the claimants, that a ratified copy of the under examination application, for which a court day has been fixed and a notification has been served for the date mentioned above, was duly and timely served to the respondents(ar.122 par.1,123,124,129, par.1,591par. 1 sect. a' and ar. 682 of the Civil Procedure Code).Therefore, since the respondents did not appear at the said hearing, the case will be adjudicated in absentia [of the respondents]. As is clear from the provisions of articles 696 paragraph 1 and 699 of the Code of Civil Procedure, the procedure must proceed as if all the litigant parties were present, since the absence of a party during the procedure for interim measures relief does not give rise to adverse procedural consequences for such party because these consequences are exclusively related to the adversarial system which does not apply to the procedure for interim measures relief, (reference to Greek case-law and theory: ΜΠΛαμ. 60/2015, ΜΠΘεσ 9751/2013 ΤΠΝ Νόμος, βλ. Κράνη σε Κεραμέα/Κονδύλη/Νίκα, Ερμηνεία Κώδικα Πολιτικής Δικονομίας, έκδ. 2000, Τόμος ΙΙ, άρθρο 690, αρ. 2, Ι, Κατρά, Σύστημα

Ασφαλιστικών Μέτρων, έκδ. 2009, 24 Δ1, σ, 136, Π. Τζίφρα, Ασφαλιστικά Μέτρα, έκδ. 1985, ΙΪβ, σ. 50, Β, Βαθρακοκοίλη, Ασφαλιστικά Μέτρα, έκδ. 2012, άρθρο 690, αρ. 39, σ. 266).

Article 35a of C.L. 2190/1920, as replaced by article 42 of law 3604/2007 provides that: 1.Wthout prejudice to ar.35β and 35γ, a resolution of the General Assembly, which was issued in a way that is not in line with the Law or the Article of Association, must be canceled by the Court. The same applies to the resolutions issued by the General Assembly, when the General Assembly hadn't been lawfully convened and formed. Voidable is also deemed a resolution that was issued: a) without providing information required by the Shareholders in accordance with ar.39, who request the annulment pertaining to the following paragraph, or b) was the decision was based on the misuse of majority's power subject to the provisions of ar. 281 of the Civil Code. 3. The annulment may be requested by any shareholder by filing a lawsuit, holder of shares that represent the 2% of the share capital, if hasn't attended the assembly or he was against of its decision. The annulment may also be requested by any member of the Board of Directors.... 6. The lawsuit with respect to the annulment of the resolution is trialed by the Multimember Court of First Instance of the Company's registered seat. 7. The said lawsuit is against of the Company and should be filed within 3 months since the submission of the Minutes to the competent authority or if the resolution is subject to publication since its entry in the Register. 9. The annulment of the resolution applies to everyone. The Board of Directors is obliged to receive measures, deriving from the situation resulted by the annulment. In any case, rights of third parties deriving from a cancelled resolution or from an act based on the said resolution shall not be affected except for the occasion when the third party was aware or was ignoring due to gross negligence the resolution's flaw. 10. Court may order interim measures prior the filing of the lawsuit. In that case, a lawsuit should be filed within 15 days since the issuance of the decision which ordered the interim measures and in any case within the time limit seat out by the par.7 otherwise the interim measures will be lifted ex oficcio. The Court may also order the temporary suspension of decision's enforceability. The Court may oblige the claimants to pay a guarantee, taking into account the need for protection of the claimants requesting the suspension, and the damage that may be caused to the Company by the suspension.

The Court Decision which cancels a resolution of a General Assembly is subject to the publication formalities of article 7b. Furthermore, it derives from the provisions of articles 28, 30 and 35a of C.L. 2190/1920 for Societes Anonymes that the General Assembly of a Societe Anonyme is convened only by persons who have the capacity of a shareholder at the time of convocation of the General Assembly. Hence, all the shareholders and only the shareholders of a Societe Anonyme are entitled to participate at a General Assembly. Therefore, in principle, the owners and the persons who have an usufruct right over the shares are entitled to participate in the General Assembly. Moreover, in case of pledge of shares, the pledgor shareholder has a right to participate in the General Assembly unless otherwise agreed with the pledgee (reference to Greek case-law 1426/2013, ΤρΝομΠληρ Νόμος) in accordance with paragraph 1 of article 30a of C.L. 2190/1920. In particular, according to the aforementioned provision "1. The agreement between the person granting the right to pledge over a share of a Societe Anonyme and the pledgee, concluded together

with the pledge agreement or afterwards, by virtue of which it is agreed that the voting right deriving from the share belongs to the pledgee is valid if this is not prohibited by the Articles of Association of the company in its original form or by its amended version (amendment having taken place prior to the conclusion of the aforementioned agreement)...". It is noted that especially for the pledge of shares in favor of a Societe Anonyme of article 1 of the presidential decree 17.7./13.8.1923, articles 35-47 of the same presidential decree apply, as well as the provisions of the Greek Civil Code on pledge, to the extent that they do not contradict with the provisions of the aforementioned presidential decree.

In the present case, the claimants state by virtue of their application that [....]

The application with this content is brought to hearing before the competent Court according to the procedure for interim measures relief (articles 682 et seq. of the Code of Civil Procedure). It is lawful and is based on the provisions of articles 35a of C.L. 2190/1920, 281 and 69 of the Civil Code, 731, 732, 740 paragraph 1 and 786 of the Code of Civil Procedure and 3 paragraph of the Introductory Law of the Code of Civil Procedure (reference to Greek case-law and theory: Εφθεσσαλ. 2392/1990, Αρμ 1990.639, Ασφαλιστικά μέτρα Παρμ. Τζίφρα, έκδοση 4η, σελ. 346) other than the requests under b, b(iv), which are rejected as legally unfounded because a possible acceptance of said requests would lead to full and complete satisfaction of the relevant right, which (the satisfaction), however, according to article 692 paragraph 4 of the Code of Civil Procedure is unacceptable since it (the acceptance of the application) would create consequences that it would be impossible to be overturned following a possible counter-judgement by the court of the main dispute (and such overturning does not have a retroactive effect-see article 698 of the Code of Civil Procedure), and other than the request under b (i) which are also rejected as legally unfounded and this is because interim measures relief which accept and recognize the right are excluded from the very nature of the temporary relief itself (reference to Greek case-law: 1294/1994 NoB 1995.740). Moreover, the requests under d and e are also rejected as legally unfounded, the first one because it is nowhere set out in the application that there is a risk of repetition of the illegal acts in the future, and the second one because the appointment of a temporary administration is not included in the matters subject to publication formalities, provided for under article 7A of C.L. 2190/1920. Therefore, the application, in so far as it was deemed to be lawful, needs to be further examined on its merits.

Prior to the commencement of the hearing of the case, the companies under the trade name "SPI China (HK) Limited" which has its registered seat in Hong Kong and "SPI Energy Co., Ltd" which has its registered seat in Cayman Islands (as successor of Solar Power Inc), with an oral declaration made by their attorneys, lodged an additional intervention in favor of the respondents and against the claimants which they analyze in their written petition, claiming that they are the buyers under the Share Sale & Purchase Agreement dated September 6, 2014 and the Ultimate Beneficial Owners - shareholders of the respondent companies-special purpose vehicles, and their ownership results from their participation in the wholly owned (100%) subsidiary Maltese company under the trade name "SINSIN RENEWABLE INVESTMENT LIMITED" which is the sole shareholder: a) of the Maltese Company under the trade name "Photovoltaika Parka Veroia 1 Malta Limited" which is the sole shareholder of

the forth of the respondents, b) of the Maltese Company under the trade name "Sinsin Renewable Investment Malta Limited" which is the sole shareholder of the first of the respondents, and c) of the Cypriot Company under the trade name "Veltimo Limited" which is the sole shareholder of the second and third of the respondent companies. Referring to their

direct legal interest in bringing the trial in favor of the respondents, they request that the application under discussion to be dismissed.

With this content, this additional intervention is admissible and lawful, based on the provisions of articles 686 paragraph 6 and 68, 80, 81 of the Code of Civil Procedure and should be further investigated.

According to article 264 of the Code of Civil Procedure: "If the dispute is subject to arbitration, the court refers the case to arbitration, but the consequences of the filing of the lawsuit are retained. If the arbitration agreement ceases to exist, the case is reinstated by calling the litigant parties". It is clear from that provision that the legal consequence of the submission of the dispute to arbitration, following the timely raise of the relevant objection by the respondent (article 263 of the Code of Civil Procedure), is the referral of the dispute to arbitration and not the rejection of the lawsuit as inadmissible on the grounds of lack of jurisdiction, as the case would be if there was no such specific legislative provision (i.e. article 263 of the Code of Civil Procedure )(reference to Greek case-law ΑΠ 459/1988 ΕλλΔνη 1989.961, ΕφΑΘ 1213/2006 ΕλλΔνη 2006.1105). This applies irrespective of whether it is a domestic or a foreign arbitration, because the provision does not distinguish [between domestic and foreign arbitration]. The arbitration agreement itself is an agreement of procedural law which clearly is distinguished from the substantive main agreement and is independent and self-contained without being affected by the former, (reference to Greek case-law ΑΠ 816/1983 ΝοΒ 32.638, ΕφΑΘ 1213/2006 ΕλλΔνη 2006.1105, ΕφΑΘ 1944/2006 ΔΕΕ 2006.1298, ΕφΑΘ 5522/2002 Αρμ 2003.1658). The independence of the arbitration agreement results in its being unaffected by the "luck" of the main agreement so that the nullity of the latter does not invalidate the arbitration agreement because there is no provision stating that the arbitration agreement necessarily or ipso jure becomes null and void when the agreement or the legal relationship to which it relates to is null and void, (reference to Greek legal theory Β. Βαθρακοκοίλη, Code of Civil Procedure article 867, number 38, with the citation thereof).

In the case at hand, the additional interveners, exercising the means of attack and defense of the companies in favor of which they filed the additional intervention, claim that the diagnosis of the dispute depends on whether an event of default and enforcement event has occurred in accordance with the Share Sale & Purchase Agreement and the Pledge Agreements. [The additional interveners also claim that] only the Arbitration Court of Malta is the competent Court to adjudicate the case under the Maltese law which governs the main agreement (Share Sale & Purchase Agreement). [They also claim] that they have already appealed to the aforementioned Court by lodging their lawsuit dated March 20, 2018, which they have notified to the claimants, claiming compensation equal to Euros 54.000.000 from the disputed transaction, by raising the objection of the "improper

execution of the agreement", and therefore, such raise of the aforementioned objection results in their being exempted from any liability to fulfil their obligations until the fulfilment by the claimants of their obligations. Moreover, they request that the trial be suspended in accordance with article 249 of the Code of Civil Procedure until the Arbitration Court of Malta issues its final judgment for the already pending trial before it, in the alternative, they claim that the Arbitration Court of Malta is the competent Court to adjudicate the case, in the alternative, that the applicable law for the settlement of the present dispute is the Maltese law. The request for suspension of the trial according to article 249 of the Code of Civil Procedure must be rejected because the deceleration of the procedure which will be caused from such suspension eliminates the need for urgent relief of the insured right. The claim with regard to the referral of the dispute to arbitration constitutes an objection which is lawful based on the provision of article 264 of the Code of Civil Procedure and must be further investigated on Its merits, Lastly, with regard to the last claim with respect to the applicable law, it must be noted that even in the case where the dispute has foreign elements due to the urgency of provision of the relief, the Court applies the provisions of domestic law because the Court is neither aware, nor it can become aware, In a short period of time without ordering the provision of evidence, of the specific content of the foreign law. (reference to Greek case-law and Greek legal theory ΜονΠρΠ 2676/2000 ΑρχΝ 2001.72, Μον ΠρΑΘ 20375/1993 ΕλλΔνη 1994.1397, Τέντε και Κράνη, ΕρμΚΠολΔ Κεραμέως-Κονδύλη-Νίκα υπό άρθρα 337 αρ. 4 και 690 αρ, 5).

From the assessment of the sworn statements of the witness who were examined before this Court and from the documents which were adduced by the claimants and the additional interveners the following facts were suggested: The claimants, by virtue of the Share Sale & Purchase Agreement dated September 6, 2014, sold to the company under the trade name "SPI China (HK) Limited" and to the company under the trade name "SPI Energy Co., Ltd." (successor of the company Solar Power Inc) - additional interveners - the entirety of their shares in the Maltese company under the name "SINSIN RENEWABLE INVESTMENT LIMITED", i.e. the entirety (100%) of the shares of the four Greek respondent companies (special purpose-vehicle companies) which own and operate in Greece photovoltaic parks of a total capacity of 26.57 MW, all of which were owned by the aforementioned Maltese company. In order to provide security to the claimants - vendors (in accordance with the aforementioned agreement) as regards to the payment of the price - the amount of which was agreed at the amount of Euros 70.660.000 payable in four installments - four (4) identical Share Pledge Agreements were executed on the same date (06.09.2014) between the vendors (claimants), the buyers (in accordance with the aforementioned agreement), and the subsidiaries of the latter for the pledge of the entirety (100%) of the respondent companies' shares. According to the terms of the aforementioned agreements, prior to the occurrence of an enforcement event - such enforcement event being, in accordance with the aforementioned agreements an event that would render the buyers in default in relation to their obligations as regards the payment of the price of the shares - the Pledgor may exercise the entirety of the voting rights and/or veto rights, as well as the powers over the pledged shares (clause 5.1.1 of the pledge agreements). Subject to the rights and remedies available to the vendors-ctaimants as same are defined under clause 7, in the case of occurrence of an enforcement event, the vendors will immediately obtain all the powers and

all the rights related to the pledgor by virtue of the pledged shares and in particular: all the voting rights, as well as other rights and powers attached to the pledged shares will be granted to the vendors-ciaimants who will exercise these rights for the purposes of the pledge and in line with its terms (term 5,2,2), Subsequently, according to the remedies (clause 7 of the pledge agreements) after each enforcement event and following issuance of notice of same, the vendors may exercise(clause 7.1.2) all their rights which relate to the pledged shares, including the right to convene general assemblies, to revoke the members of the Boards of Directors (clause 7.1.3), to appoint members of the Boards of Directors and executives. It was further suggested that the buyers - additional interveners were in default in the payment of the 3rd installment of the price which corresponded to 5% of the total price, and which installment was payable until the 30th.11.2015. For this reason, on the 31st. 10.2017, the claimants-vendors proceeded to the service of the notice of default and enforcement event dated 30.10.2017 to the buyers-additional interveners, the pledgors and the four respondent companies, setting a ten days' (10) deadline as of the date of receipt of the notice for the payment of the outstanding amount plus interest, otherwise they would proceed to the execution of the pledge. The buyers - additional interveners for the first time by virtue of their extrajudicial statement dated 9.11.2017, and while the letters of the claimants dated 13.7.2016 and 1.3.2017 had already preceded, inviting the buyers - additional interveners to comply with the content of Share Sale & Purchase Agreement dated 6.9.2014, in response to the four notices of an event of default and enforcement event, claimed that the vendors had breached their contractual obligations, i.e. they have failed to meet their commitment to appoint the second of the buyers-additional interveners (i.e. "SPI Energy Co Ltd") as EPC contractor in photovoltaic parks of a total capacity of 360 MW within three years as of the completion of the transaction. Indeed, as already stated, for the said claim, they [the buyers - additional interveners] have already filed their lawsuit dated March 20, 2018 before the Arbitration Court of Malta since the applicable law for the main Share Sale & Purchase Agreement is the Maltese law claiming compensation equal to Euros54.000.000 from the disputed transaction by raising the relevant objection under the laws of Malta of the "improper execution of the agreement", and therefore, such raise of the aforementioned objection results in their being exempted from any liability to pay the price until the fulfilment by the claimants of their aforementioned obligations. The above matter which will be adjudicated by the aforementioned Court (i.e. the Arbitration Court of Malta) concerns the main Share Sale & Purchase Agreement and not the pledge agreements dated 6.9.2014 which are governed by Greek law, and this results to the objection of the "improper execution of the agreement" being rejected as unfounded on its merits since the right for the safeguard of which the claimants request temporary relief is the one from the pledge agreement, and therefore the obtaining of interim measures relief in order to safeguard the value of the shares of the four respondent companies over which the pledge was established. Moreover, in the Share Sale & Purchase Agreements dated 6.9.2014, a clear definition of the enforcement event is given, which enforcement event is not dependent upon a condition or term or consideration of the vendors. In addition, the Court, by way of an incidental examination of the said issue and by applying Greek law due the urgency of the case, is lead to the conclusion that the obligation of the buyers to pay the price was never dependent upon the simultaneous commitment of the vendors - claimants to appoint the second of the additional interveners as EPC contractor in photovoltaic parks of a total

capacity of 360 MW within three years as of the completion of the transaction. The fact whether the relevant term of the main agreement (Share Sale & Purchase Agreement) relates to a corresponding obligation, commitment or wish for future cooperation between the vendors and the buyers, as a result of the breach of which the buyers are entitled to compensation will be judged by the Arbitration Court of Malta since the said fact does not constitute the subject matter of the present application, the subject of which was delimited above. Furthermore, it was suggested that the aforementioned ten days' deadline which was given by the claimants to the buyers elapsed (without the buyers having paid the outstanding amount), and for this reason the vendors, exercising their rights under the share pledge agreement, proceeded, on the 5th.12.2017, under their capacity as pledgees [enforcing the pledge] to a convocation of a Self-convened General Assembly for each one of the four respondent companies so as to exercise the voting rights attached to the pledged shares. By exercising the rights of the pledgors - shareholders, they decided to withdraw the members of the Board of Directors and to elect a new Board of Directors with a view to safeguarding the value of the pledged shares which [the shares] are the only guarantee for the payment of the remaining amount of the price. The newly elected Board of Directors consisted of Mr. Dejun Ye, Ms Fan Yang and Mr. George Gerovassilis. Subsequently, on the 9th. 12.2017, the claimants submitted the above minutes to the Commercial Registry website, informing the attorney of the respondent companies accordingly. At the same time, on the 7^.12,2017, the pledgees addressed the Banks, i.e. the National Bank of Greece and Piraeus Banks where the respondents hold accounts in order to notify them the composition of the new Board of Directors of the respondent companies. However, on the 28th.12,2017, the claimants were informed that the sole shareholders-pledgors of the respondent companies convened on the 19th. 12.2017,Extraordinary General Assemblies by virtue of which they revoked the newly elected [by the claimants] Board of Directors and elected their own Board of Directors, consisting of Messrs. Vasileios Orphanos and Hoong Choeng and Ms Fotini Boutouri, submitting both to the Commercial Registry and the banks the new minutes of the General Assembly regarding the election of a new Board of Directors. The pledgors-soie shareholders of the respondent companies adopted the aforementioned resolutions abusively, because according to what was already explained in detail above, as of the occurrence of an event of default and enforcement event, only the claimants-piedgees had the power to participate in the general assemblies of the respondent companies with voting rights. Therefore, the objection of abusive exercise of the right of the vendors raised by the additional interveners must be rejected as legally unfounded because the facts on which the additional interveners rely on to establish it (the objection) do not constitute an abuse of rights. Furthermore, from the confusion caused to with third parties in relation to the legal representation of the respondent companies which had resulted in the obstruction of the day-to-day operation and satisfaction of their business needs and the "freezing" of the current transactions and payments, it is evident that there is an urgent need for temporary settlement of the situation, by appointing a temporary administration for the respondent companies with specific powers, rejecting as unfounded the claim to the contrary, raised by the additional interveners, and the chosen interim measures relief of the appointment of temporary administration qualifies as the most appropriate because it does not create irreversible situations and leads to the full satisfaction of the insured right. In light of the above, the present application must be accepted partially as being founded on its merits: A)

the validity of the resolutions of the Extraordinary General Assemblies of shareholders of the four respondent companies dated 19.12.2017 regarding the appointment of members of their Boards of Directors to be suspended until the issuance of a final decision for the main lawsuit dated 14.03.2018 (filing number 25276/999/150302918) for the cancellation of the resolutions of the aforementioned Extraordinary General Assemblies of the respondent companies which has already been filed by the claimants (see receipts of delivery under numbers 8319b, 8320b, 8321 and 8322/ 15,3.2018 of the Court Bailiff at the Athens Court of Appeal Mr. G. Filippoupolitis), B) a temporary administration for the four respondent companies to be appointed, consisting of two members of the election of the claimants (Dejun Ye and Fan Yang) and of a member of the election of the respondents (Hoong Cheong) with the following strictly specified, authorities: a) to represent the respondent companies judicially and extra judicially, before any Public Authority and any Court of Law, (b) to operate the bank accounts of the respondent companies in order for the respondent companies to proceed exclusively to payments of existing and outstanding financial obligations towards third parties, originating from their regular operation and management (debts towards the Greek State, employees, social security institutions, private creditors, banks) with the exception of the payment of the price of the shares transferred by the claimants to the additional interveners by virtue of the Share Sale & Purchase Agreement dated 6,9.2014, (c) to collect any income of the respondent companies, and in particular any income deriving from the sale of the electricity produced by the photovoltaic parks of the respondent Companies to the Greek Operator of Electricity Market (LAGHE), which shall be in turn deposited to the bank accounts of the respondent companies for the sole purpose of paying off the obligations defined above under point b. (i.e. not for the payment of the price of the shares transferred from the claimants to the additional interveners by virtue of the Share Sale & Purchase Agreement dated 6.9.2014), C) Allows the claimants to register with the Commercial Registry the aforementioned temporary administration of the respondent companies with the authorities ordered as per the above. Furthermore, the additional intervention must be rejected. Lastly, the respondents, who did not appear before the Court and are defeated, must be ordered to pay the judicial expenses of the claimants, whereas the judicial expenses of the additional interveners must be incurred by them due to the defeat of the respondents (articles 178, 182, paragraph 1, 184 and 191 of the Code of Civil Procedure).

FOR ALL THE REASONS MENTIONED ABOVE

It (the Court) adjudicates the present application along with the additional intervention which was brought orally in absentia of the respondents and with the other parties being present during the procedure.

It rejects whatever was judged as inadmissible in the reasoning of the decision.

It suspends the validity of the resolutions of the Extraordinary General Assemblies of shareholders of the four respondent companies dated 19.12.2017 on the appointment of members of their Boards of Directors until the issuance of a final decision for the main lawsuit dated 14.03.2018 (filing number 25276/999/150302918) for the cancellation of the

resolutions of the Extraordinary General Assemblies of the respondent companies dated 19.12.2017 which has been filed by the claimants.

It appoints a temporary administration for the four respondent companies, consisting of two members of the election of the claimants (Dejun Ye and Fan Yang) and of a member of the election of the respondents (Hoong Cheong) with the following strictly specified, authorities: a) to represent the respondent companies judicially and extra judicially, before any Public Authority and any Court of Law, (b) to operate the bank accounts of the respondent companies in order for the respondent companies to proceed exclusively to payments of existing and outstanding financial obligations towards third parties, originating from their regular operation and management (debts towards the Greek State, employees, social security institutions, private creditors, banks) with the exception of the payment of the price of the shares transferred by the claimants to the additional interveners by virtue of the Share Sale & Purchase Agreement dated 6.9.2014, (c) to collect any income of the respondent companies, and in particular any income deriving from the sale of the electricity produced by the photovoltaic parks of the respondent Companies to the Greek Operator of Electricity Market (LAGHE), which shall be in turn deposited to the bank accounts of the respondent companies for the sole purpose of paying off the obligations defined above under point b. (i.e. not for the payment of the price of the shares transferred from the claimants to the additional interveners by virtue of the Share Sale & Purchase Agreement dated 6.9.2014).

It allows the claimants to register with the Commercial Registry the appointed temporary administration of the respondent companies with the aforementioned authorities

It rejects the additional intervention.

Orders the respondents to pay the judicial expenses of the claimants, an amount equal to Euros two hundred (€ 200).

Adjudicated, decided and published at an extraordinary public hearing in Athens on the 25th.06.2018 in absentia of the parties and their attorneys.