TODD M. NOONAN (SBN 172962)
 todd@noonanlawgroup
DAVID A. CHEIT (SBN 121379)
 dave@noonanlawgroup.com
NOONAN LAW GROUP
428 J Street, 4th Floor
Sacramento, CA  95814
Telephone:  916.740.1126

Attorneys for Defendant SPI ENERGY CO., LTD

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINSIN EUROPE SOLAR ASSET LIMITED PARTNERSHIP, and SINSIN SOLAR CAPITAL LIMITED PARTNERSHIP<br><br>Petitioners,<br><br>v.<br><br>SPI ENERGY CO. LTD,<br><br>Respondent | CASE NO.  2:22-CV-01991-MCE-JDP<br><br>**DECLARATON OF VANGELIS POLITIS IN SUPPORT OF RESPONDENT SPI ENERGY CO. LTD'S OPPOSITION TO MOTION TO CONFIRM**<br><br>Hearing:   June 1, 2023   (under submission by court order)<br><br>Presiding:   Hon. Morrison C. England, Jr.<br><br>Courtroom: 7, 14th Floor |

I, Vangelis Politis, declare as follows:

1. I am the Managing Partner of Politis and Partners, a law firm located in Athens, Greece. I submit this Declaration to respond to that submitted by Mr. Christos Paraskevopoulos (Case 2:22-cv-01991-MCE-JDP, Document 22-1, the "Paraskevopoulos Declaration"). I have been personally involved in the proceedings discussed in the Paraskevopoulos Declaration, and the facts and opinions set forth herein are based on my personal knowledge.

2. I am a lawyer in good standing in Greece and have three decades of experience advising domestic and international clients in commercial and corporate law. I am an Athens Law School graduate and hold an LL.M. from Duke University. My practice includes both

1  advise on corporate transactional matters and litigation matters, including complex commercial
2  lawsuits before the courts of Greece.  I am licensed to practice before the Supreme Court in
3  Greece ("Arios Pagos").  My full biography may be found here:  https://politispartners.gr/our-
4  lawyers/vangelis-politis/

5       3.      I have read the Paraskevopoulos Declaration, and I write to rebut the conclusion
6  stated in paragraph 10 of Paraskevopoulos Declaration, namely that an application to revision the
7  Athens Single Member Court's interim measures judgment No 4212/2018 (the "Interim
8  Judgment") "would require considerable time" and that "the Greek courts may be slow to act" in
9  revisioning the current Interim Judgment.  On that basis, the Paraskevopoulos Declaration also
10  concludes that "Respondent's proposed approach does not appear to be tenable."

11      4.      It is true that as the Interim Judgment expressly excludes from the authorities
12  vested with the Greek Companies' temporary administration the power to make any payment to
13  Petitioners originating from the Greek Companies' bank accounts, effecting a joint payment
14  would require, under Article 696 et seq (including Article 697) of the Greek Code of Civil
15  Procedure, that a motion be submitted by any of the parties to the competent Athens court
16  requesting that the Interim Judgment be revised.

17      5.      It is, also, true that the aforementioned motion would be submitted on the grounds
18  that new events have occurred which justify the requested revision.  The motion would have to be
19  heard under the interim measures proceedings, on a hearing date to be set before the competent
20  court.

21      6.      However, contrary to paragraph 10 of the Paraskevopoulos Declaration, my
22  opinion is as follows:

23      A.      The two parties (Petitioners and Respondent) can and must coordinate their legal
24        actions before the Greek court. In particular,  Petitioners and Respondent can both
25        request from the Greek court the immediate release of the funds to Petitioners.
26      B.      If both parties submit before the Greek court the proposition that the immediate
27        release of the funds (which sit idle in the Greek companies' bank accounts for
28        years), serves the interests of both parties, I expect that the Greek court will readily

understand that there are no conflicting interests on this issue (release of the funds of the Greek Companies bank accounts to Petitioners) and, in fact, that the release of the funds is beneficial for both Petitioners and Respondent. Accordingly, I expect that the court will order the immediate release of such funds to Petitioners. Moreover, the two parties may apply to have the revision of the Interim Judgment issued very promptly, by submitting a petition to the Greek court so that the hearing of the case is expedited and scheduled by preference, given the urgency of the matter and the mutual agreement of the parties to immediately release the funds to the Petitioners.

7. To summarize, if both parties (Petitioners and Respondent) coordinate effectively their actions before the Greek court, I expect that the release of the funds to Petitioners can be completed in a matter of few weeks.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 25, 2023.

_____
Vangelis Politis